# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 1999-CA-01848-SCT

*JAMES H. HOLMES*

*v.*

*COAST TRANSIT AUTHORITY*

| | |
|---|---|
| DATE OF JUDGMENT: | 10/22/1999 |
| TRIAL JUDGE: | HON. ROBERT H. WALKER |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | WILLIAM W. DREHER, JR. |
| ATTORNEYS FOR APPELLEE: | JAMES B. GALLOWAY |
| | BRIAN WALKER SANDERSON |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED AS MODIFIED - 05/02/2002 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 5/23/2002 |

**EN BANC.**

**WALLER, JUSTICE, FOR THE COURT:**

¶1. The Circuit Court of the First Judicial District of Harrison County, Mississippi, dismissed a complaint filed by James H. Holmes [1] against Coast Transit Authority (CTA)for failing to serve process on CTA within 120 days of the filing of the complaint, as prescribed by Rule 4(h) of the Mississippi Rules of Civil Procedure. Holmes moved the circuit court to allow "out of time" service "for good cause shown" and, in the alternative, for "excusable neglect," but the circuit court denied Holmes's motion and dismissed the case with prejudice. We affirm and modify.

## FACTS AND PROCEDURAL HISTORY

¶2. On July 21, 1997, Holmes was a passenger on a bus when the bus struck an obstruction in the roadway, injuring Holmes. He did not immediately file a complaint but instead began settlement negotiations with CTA, the owner of the bus. As both parties concede, CTA is a governmental entity, and, therefore, the one-year statute of limitations of the Mississippi Tort Claims Act ("MTCA") applied. On June 4, 1998, 53 days before the expiration of the statute of limitations, Holmes gave CTA a notice of claim under the MTCA [2] tolling the statute of limitations for 95 days. Holmes then timely filed a complaint on September 3, 1998.

¶3. On September 4, 1998, Holmes attempted to serve process on CTA's chief executive officer, Thomas Hearn, by mailing a summons and complaint along with two Notice and Acknowledgment forms pursuant to Rule 4(c)(3) of the Mississippi Rules of Civil Procedure. CTA neither returned the Acknowledgment form nor filed an answer.

¶4. CTA continued settlement negotiations with Holmes until approximately February 1, 1999. Throughout this time, CTA and Holmes exchanged documents, including dispatch records of CTA and Holmes's medical records. Any offers of settlement required approval by CTA's board of directors, which met once a month. When Holmes rejected CTA's final settlement offer on approximately February 1, 1999, the negotiations broke down.

¶5. CTA then notified Holmes that it had not and would not accept service of process by mail. Holmes then personally served CTA on February 3, 1999. On March 4, 1999, CTA moved to dismiss the suit, claiming that it had not been properly served process within 120 days of the filing of the suit and that the one-year statute of limitations had expired. Holmes moved the trial court to allow "out of time" service on CTA "for good cause shown" and, in the alternative, for "excusable neglect." The trial court dismissed the case with prejudice, and Holmes appeals.

## STANDARD OF REVIEW

¶6. A trial court's finding of fact on the existence of good cause for the delay in service of process has been deemed "a discretionary ruling . . . and entitled to deferential review" on appeal. *Rains v. Gardner*, 731 So. 2d 1192, 1197-98 (Miss. 1999). When reviewing fact-based findings, we will only examine "whether the trial court abused its discretion and whether there was substantial evidence supporting the determination." *Id.* at 1197. However, a decision to grant or deny an extension of time based upon a question of law will be reviewed de novo. *Id.* at 1198.

## DISCUSSION

**WHETHER HOLMES DEMONSTRATED GOOD CAUSE TO PERMIT SERVICE OF CTA PAST THE 120-DAY PERIOD ALLOWED BY M.R.C.P. 4(h) BY OFFERING EVIDENCE OF DOCUMENT EXCHANGES AND SETTLEMENT NEGOTIATIONS BETWEEN THE PARTIES.**

¶7. M.R.C.P. 4(h) provides that a failure to serve process within 120 days will only cause a complaint to be dismissed if the plaintiff cannot show good cause for failing to meet the deadline.[3] Filing a complaint tolls the applicable statute of limitations 120 days, but if the plaintiff fails to serve process on the defendant within that 120-day period, the statute of limitations automatically begins to run again when that period expires. *Watters v. Stripling*, 675 So. 2d 1242, 1244 (Miss. 1996). A plaintiff who does not serve the defendant within the 120-day period must either re-file the complaint before the statute of limitations ends or show good cause for failing to serve process on the defendant within that 120-day period; otherwise, dismissal is proper. *Id.* at 1244; *Brumfield v. Lowe*, 744 So. 2d 383, 387 (Miss. Ct. App. 1999). The plaintiff bears the burden of establishing good cause. M.R.C.P. 4(h).

¶8. In the instant case, Holmes filed the complaint on September 3, 1998, and had 120 days from that date in which to serve process on CTA. As CTA points out, the 120-day period expired on January 4, 1999. The only attempt by Holmes to serve CTA before that date occurred on September 4, 1998, when Holmes

mailed process to CTA. However, this attempted service was not proper under M.R.C.P. 4(d)(8), which clearly provides that service of process on "any governmental entity" such as CTA shall be made "by delivering a copy of the summons and complaint to the person, officer, group or body responsible for the administration of that entity or by serving the appropriate legal officer, if any, representing the entity."

¶9. While Holmes does not debate the propriety of the September 4, 1998, service of CTA by mail, Holmes does maintain that the personal service of CTA on February 3, 1999, cures any past problems and prevents us from affirming the trial court's dismissal. The 120-day service period ended on January 4, 1999, with approximately 53 days remaining on the applicable statute of limitations. Holmes did not re-file the complaint against CTA before the remaining 53 days passed; and, therefore, his suit is barred by the statute of limitations unless he can show good cause for failing to serve process within the 120-day period.

¶10. In an effort to show "good cause" for untimely service of process, Holmes contends that, by engaging in discovery and settlement negotiations, CTA improperly lulled him into believing it had accepted service by mail and argues that, therefore, the trial court should have permitted "out of time" service.

¶11. We have held that, at a minimum, a plaintiff attempting to establish "good cause" must show "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Watters*, 675 So. 2d at 1243 (quoting *Systems Signs Supplies v. United States Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990)).

¶12. A leading treatise states that

> good cause is likely (but not always) to be found when the plaintiff's failure to complete service in timely fashion is a result of the conduct of a third person, typically the process server, the defendant has evaded service of the process or engaged in misleading conduct, the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstances, or the plaintiff is proceeding pro se or in forma pauperis.

4B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1137, at 342 (3d ed. 2000).

¶13. While several courts outside our jurisdiction have held that good faith negotiations constitutes good cause for failure to effect service within 120 days of the filing of the complaint, we think the better reasoning is found in the case of *Healthcare Compare Corp. v. Super Solutions Corp.*, 151 F.R.D. 114 (D. Minn. 1993) (discussing F.R.C.P. 4(j), the equivalent to M.R.C.P. 4(h)):

> Rule 4(j) clearly places the burden upon the plaintiff to demonstrate that it is entitled to the good cause relaxation of the 120 day limit. HCC argues that Rule 4(j) should not be applied harshly . . . . It is, of course true that the court has discretion in determining whether good cause exists. This court has held that the rule should not be used "to penalize plaintiffs who demonstrate reasonable diligence" in effecting timely service on defendants. HCC has not even argued that such diligence was involved in its deliberate decision not to serve within the 120 day time limit of Rule 4(j). Thus, a strict application of Rule 4(j) here is not harsh.

* * *

> . . . Plaintiffs would have no incentive to comply with the 120 day limit if they could always find shelter from the rule by claiming that they had begun negotiations in good faith. Such a situation was clearly

not intended by the Congress in adopting Rule 4(j).

*Healthcare Compare*, 151 F.R.D. at 115-16 (citations omitted).

¶14. We adopt the rationale of the *Healthcare Compare* court and find that good faith negotiations do not constitute good cause for failure to effect timely service of process under M.R.C.P. 4(h). Here, as in *Healthcare Compare*, Holmes makes no claim that he acted diligently in attempting to effect service of process. Reliance on indefinite good faith negotiations clearly subverts the purpose of Rule 4(h), which is to bring claims to a court for judicial review in a timely manner. There is no reason why, if parties are engaged in good faith negotiations, service of process cannot be timely had. Service of process by a plaintiff on a defendant does not undermine the plaintiff's good faith. Timely service of process merely protects the plaintiff's right to litigate and would not call a halt to negotiations. Furthermore, parties *should* engage in settlement negotiations up to the time a final judgment is entered.

¶15. We therefore find that Holmes has not demonstrated good cause for failing to effect service of process on CTA within 120 days of the filing of the complaint and that the Circuit Court of the First Judicial District of Harrison County, Mississippi, did not abuse its discretion in dismissing the complaint. However, in the recent case of *LeBlanc v. Allstate Ins. Co.*, 809 So.2d 674, 679 (Miss. 2002), we held that Rule 4(h) dismissals should be made *without* prejudice, not *with* prejudice, as the circuit court did here. We therefore modify the dismissal of complaint to be without prejudice.

## CONCLUSION

¶16. The judgment of the Circuit Court of the First Judicial District of Harrison County, Mississippi is affirmed but modified to dismiss without prejudice.

¶17. **AFFIRMED AS MODIFIED.**

> **PITTMAN, C.J., SMITH, P.J., COBB, DIAZ, CARLSON AND GRAVES, JJ., CONCUR. McRAE, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY EASLEY, J.**

> **McRAE, PRESIDING JUSTICE, DISSENTING:**

¶18. Coast Transit Authority (CTA) should be equitably estopped by its detrimental actions, just as the Department of Transportation was in *Trosclair v. Mississippi Dep't of Transp.*, 757 So.2d 178 (Miss. 2000). Like the Department in *Trosclair*, CTA continued negotiations and waited for the 120 day time period to expire. This caused James H. Holmes to detrimentally rely on CTA's settlement negotiations and, in turn, to allow the 120 days in which he could have properly served CTA to expire. Accordingly, I respectfully dissent.

¶19. The majority is correct when it states that, at a minimum, a plaintiff attempting to establish "good cause" must show "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Watters v. Stripling*, 675 So. 2d 1242,1243 (Miss. 1996) (quoting *Systems Signs Supplies v. United States Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990)). However, I disagree with its logic in finding that Holmes did not show good cause for failure to effect service of process on CTA within 120 days. Inadvertence of counsel in failing to properly serve the defendant within 120 days of filing the complaint will not necessarily

preclude the plaintiff from establishing good cause. *Scrimer v. Eighth Judicial Dist. Ct.,* 998 P.2d 1190, 1195 (Nev. 2000). Holmes established good cause; and therefore, the judgment of the trial court should be reversed and this case remanded for further proceedings.

¶20. We have not squarely addressed whether engaging in discovery and settlement negotiations with the expectation of ending the litigation can constitute good cause under Rule 4(h) for failure to serve process within the 120-day period. In *Trosclair v. Mississippi Dep't of Transp.*, 757 So.2d 178 (Miss. 2000), the plaintiffs were involved in an automobile accident on a section of highway that was under construction. The plaintiffs' attorney contacted the Department of Transportation and spoke with an employee who informed him that the road work was done by a private contractor, not MDOT. After investigation, the attorney spoke to a different employee who informed him that the work had been performed by the MDOT.

¶21. A complaint was filed that same day. At this time, fifteen months had passed since the injury, and the one-year statute of limitations had expired. We applied the principles of equitable estoppel to hold that the plaintiff relied on the representation of MDOT to its detriment, and we reversed the grant of summary judgment and remanded for further proceedings. *Id.* at 181. We stated:

> Equitable estoppel requires a representation by a party, reliance by the other party, and a change in position by the relying party. (citations omitted). While there is no Mississippi precedent applying equitable estoppel to the statute of limitations under the Tort Claims Act, logic and case law suggests that where there is inequitable conduct, in order to avoid a serious injustice, equitable estoppel should be applied.

*Id.*

¶22. In the case at bar, the complaint was delivered with the explanation that it was merely to protect the claim and was not intended to affect the settlement negotiations. Holmes's attorney testified by affidavit that he notified CTA that it would not be required to file its answer within the 30 day time period, as he believed that the parties were close to a settlement, and that a settlement would be reached without further litigation in order to keep costs down. After filing and mailing the complaint, Holmes and CTA engaged in discovery. Holmes sent medical records to CTA, and CTA willingly provided its dispatch records to Holmes, something it would never be expected to do unless served with a complaint. Throughout this time, the parties continued with settlement negotiations.

¶23. These facts are analogous to *Carlton v. Wal-Mart Stores, Inc.*, 621 So. 2d 451, 455 (Fla. Dist. Ct. App. 1993). The Florida court reversed a dismissal due to untimely service of process where the plaintiff's attorney had been in settlement negotiations with the defendant for several months before the complaint was filed. Shortly after the complaint had been filed, the attorney sent medical records and a copy of the complaint to the defendant, stating that he would "take no further action in the lawsuit, including service of process, until such time as all reasonable settlement opportunities ha[d] been explored." *Id.* The Florida appellate court refused to affirm the dismissal of the case, holding that "appellant's counsel was justified in believing that appellee had acquiesced in the proposal that appellee not be served until 'all reasonable settlement opportunities ha[d] been explored.'" *Id.*

¶24. Other jurisdictions have held that settlement negotiations alone could constitute good cause for failure to complete timely service of process. In *Scrimer*, the Supreme Court of Nevada held as follows:

Rule 4(i) was not adopted, however, to become an automatic sanction when a plaintiff fails to serve the complaint within 120 days of filing. When making a determination under NRCP 4(i), the district court should recognize that 'good public policy dictates that cases be adjudicated on their merits.' (citation omitted)

. . .

Negotiations with an eye to settlement, undertaken in good faith in a serious effort to settle the litigation during the 120-day period, may constitute good cause for untimely service under NRCP 4(i).

998 P.2d at 1196.

¶25. Likewise, in *Assad v. Liberty Chevrolet, Inc.*, 124 F.R.D. 31 (D.R.I. 1989), the plaintiff admittedly did not serve the defendant until thirteen days after the 120 day deadline. As in the case at bar, the parties' settlement negotiations were terminated within days of the expiration of the 120 day period. The district court held that the plaintiffs showed good cause for failing to timely serve one defendant because they were engaged in good faith settlement discussions with its co-defendant which, if successful, would have obviated the need for service of process. *Id.*

¶26. Holmes has demonstrated the good cause necessary to permit out- of- time service of process, based on the principles of equitable estoppel and detrimental reliance. The parties exchanged dispatch reports and medical records, documents that one would normally consider confidential and not subject to discovery until a complaint is filed. Holmes entered negotiations in good faith with the bona fide intention of settling the litigation before the expiration of the 120 day time period. The judgment of the Harrison County Circuit Court should be reversed, and this case should be remanded for further proceedings.

### EASLEY, J., JOINS THIS OPINION.

1. James T. Holmes died on November 21, 1998. The Chancery Court of the First Judicial District of Harrison County permitted thirteen of Holmes's heirs at law, all of whom have the last name "Holmes," to be substituted as the real parties in interest. To simplify matters, we will refer to the plaintiffs-appellants as "Holmes."

2. CTA agrees that Holmes sent notice under the MTCA but does not concede that such notice was proper.

3. The full text of Rule 4(h) is as follows:

**Summons: Time Limit for Service**. If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.