# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2002-IA-01094-SCT

*TRIPLE "C" TRANSPORT, INC. AND HERBERT HENRY*

*v.*

*RICHARD DICKENS*

| | |
|---|---|
| DATE OF JUDGMENT: | 6/24/2002 |
| TRIAL JUDGE: | HON. ROBERT G. EVANS |
| COURT FROM WHICH APPEALED: | COVINGTON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | DAVID M. SESSUMS |
| ATTORNEYS FOR APPELLEE: | GRADY L. McCOOL |
| | JOSEPH E. ROBERTS, JR. |
| | EUGENE COURSEY TULLOS |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | REVERSED AND RENDERED - 04/22/2004 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

## BEFORE SMITH, C.J., GRAVES AND DICKINSON, JJ.

## DICKINSON, JUSTICE, FOR THE COURT:

¶1.    This interlocutory appeal requires us to evaluate the progression of events following a vehicular accident to determine whether the plaintiff is barred by the statute of limitations from pursuing claims against one or both defendants.

## BACKGROUND

¶2.    In Mississippi, there exist two unrelated companies with similar "Triple 'C'" names. One is Triple "C" Transport, Inc., owned by Clyne Buffington, P.O. Box 346, New Augusta, MS. The other is Triple

"C" Trucking, Inc., whose agent for process is Charles Richards, 142 West Pemble Road, Merigold, Mississippi, 38759.

¶3. On October 6, 1994, an accident occurred involving a car driven by Richard Dickens and a truck owned by Triple "C" Transport, Inc. The accident report lists Herbert Henry as the driver of the truck; "Triple C Trucking" as Henry's employer, and Clyne Buffington as the owner of the truck.

¶4. Following the accident, Dickens employed counsel who, on October 11, 1994, sent a letter to Henry and "Triple 'C' Trucking," mailed to Triple "C" Transport, Inc.'s address in New Augusta. The letter advised of counsel's representation of Dickens.

¶5. On October 17, 1994, Great River Insurance Company sent Dickens' counsel a letter acknowledging receipt of the October 11th letter of representation. This and other letters from Great River referred to their insured as "Triple 'C' Trucking."

¶6. On July 14, 1997, following unsuccessful settlement discussions with Great River, Dickens filed suit in the Circuit Court of Smith County, naming "Triple 'C' Trucking Company and Herbert Henry" as defendants. Paragraph 2 of the complaint states:

> That the Defendant, Triple "C" Trucking Company, is a resident corporation of the State of Mississippi and may be served with process by serving its registered agent for service of process Charles Richard, 142 West Pemble Road, Marigold, Mississippi 38759.

¶7. In an attempt to serve process on Triple "C" Transport, Inc., Dickens sent the complaint and summons via certified mail, addressed to Charles Richards, 142 West Pemble Road, Merigold, Mississippi, 38759. Charles Richard signed for the certified mail on September 15, 1997.

¶8. On or about September 18, 1997, an attorney for Triple "C" Trucking sent a letter to counsel for Dickens, stating that Triple "C" Trucking Company would be filing bankruptcy. The letter also stated, "Mr.

Richard further advises me that the Codefendant, Herbert Henry, does not drive for the corporation and he does not know who this person is."

¶9.    October 6, 1997, marked three years following the accident. As of that date, Triple "C" Transport had not been named as a defendant, and service of process had not been attempted on Henry or Triple "C" Transport, Inc., in New Augusta.

¶10.   On January 29, 1998, Dickens filed a Motion to Partially Lift the Automatic Stay in the Triple "C" Trucking bankruptcy proceeding. For reasons unrevealed by the record, it appears that no one involved in the Triple "C" Trucking bankruptcy proceeding informed counsel for Dickens that Triple "C" Trucking had not been involved in the subject accident and, on March 4, 1998, the automatic stay was lifted to the extent of liability insurance coverage.

¶11.   Counsel for Dickens mailed, via certified mail, the summons and a copy of the complaint, to Henry, who signed for it on March 23, 1998.

¶12.   On April 28, 1998, Henry filed a Motion to Dismiss, alleging insufficient service of process and improper venue. Henry's motion pointed out that the "Plaintiff first issued and served Summons on Defendant Henry more than eight months after filing his Complaint."

¶13.   Thereafter, finally realizing that two Triple "C" companies existed and that Triple "C" Transport in New Augusta was the proper Triple "C" defendant to be sued, counsel for Dickens sent a copy of the complaint, via certified mail, addressed to Triple "C" Trucking Company, Mr. Clyne Buffington, Owner; P.O. Box 346, New Augusta, Mississippi 39462. The certified mail was signed for on June 19, 1998.

¶14.   On September 20, 1999, defendants filed separate answers, both raising the affirmative defense of statute of limitations, and on December 26, 2001, both defendants filed motions to dismiss based upon

3

Miss. Code Ann. § 15-1-49 (Rev. 2003). These motions were denied by order dated June 24, 2002, and it is from this order that interlocutory appeal was granted. *See* M.R.A.P.5.

## DISCUSSION

*Standard of Review.*

¶15. "A trial court's finding of fact on the existence of good cause for the delay in service of process has been deemed 'a discretionary ruling . . . and entitled to deferential review' on appeal." **Holmes v. Coast Transit Auth.**, 815 So. 2d 1183, 1185 (Miss. 2002) (citation omitted). "When reviewing fact-based findings, we will only examine whether the trial court abused its discretion and whether there was substantial evidence supporting the determination. However, a decision to grant or deny an extension of time based upon a question of law will be reviewed de novo." **Id.**

¶16. In this case, there are two defendants, each with a separate argument as to why the statute of limitations prevents further litigation of the appellee's claims.

*The Claims Against Triple "C" Transport.*

¶17. Upon review of the record, we can only conclude that Dickens filed suit against the wrong defendant. He allowed the statute of limitations to run before attempting to cure the error by having the complaint and summons (which continued to name the incorrect defendant) served upon the company which should have been named as defendant in the first instance.

¶18. When the accident occurred, Dickens can claim that he was misled by the accident report because in listed "Triple 'C' Trucking" as Henry's employer. However, the accident report also named "Clyne Buffington" as the owner of the truck, and the address for both Buffington and Henry was listed in New Augusta, MS.

4

¶19. Counsel for Dickens was aware of the New Augusta addresses. He mailed a letter to Herbert Henry and "Triple 'C' Trucking" at their respective New Augusta addresses. When filing suit, however, counsel for Dickens apparently searched the corporate records in the office of the Secretary of State, and discovered "Triple 'C' Trucking Company"[1] with an address in Merigold, Mississippi. The complaint names Charles Richard as the registered agent. Counsel for Dickens apparently did not notice at that time that also listed was Triple "C" Transport Company, with an address in New Augusta, and with a registered agent named Clyne Buffington.

¶20. Once suit was filed and served upon the wrong Triple "C" company, counsel for Dickens received a letter from Levingston & Levingston, P.A., the attorneys preparing a bankruptcy petition for Triple "C" Trucking Company. In that letter, dated September 18, 1997 (eighteen days before the three-year anniversary of the accident), counsel for Dickens was informed, "Mr. Richard further advises me that the Codefendant, Herbert Henry, does not drive for the corporation and he does not know who this person is." Any equitable or "fairness" argument which may have been available to Dickens was, at that point, lost by his failure to investigate further. The record is silent as to any follow-up letters or phone calls regarding this revelation, which should have been quite disturbing just days before the running of the statute of limitations.

¶21. The complaint was served via certified mail upon the registered agent for Triple "C" Trucking Company. This is another unfortunate error which cannot be cured by equitable or "fairness" arguments. Service of process may not be had by certified mail upon an in-state defendant. Rule 4 of the Mississippi

---

[1]The complaint names as a defendant, "TRIPLE "C" TRUCKING COMPANY." The accident report listed Henry's place of employment as Triple "C" Trucking. Thus, Dickens cannot claim he obtained from the Secretary of State the exact name of the defendant listed on the accident report.

5

Rules of Civil Procedure, provides that process "may be had upon a domestic or foreign corporation . . . by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process."  Miss. R. Civ. P. 4(d)(4).  Certified mail may be used to serve process upon persons "outside this state."  Miss. R. Civ. P. 4(c)(5).  The comment to that rule provides that "[t]he certified mail procedure is not available to serve a person within the state."

¶22.    Thus, the sending of the complaint and summons, via certified mail, to the wrong corporation did not serve to bring Triple "C" Transport Company into court on September 15, 1997.

¶23.    Dickens's counsel argues that he realized, on or about June 19, 1998, that two Triple "C" Trucking companies existed and that the New Augusta company was the correct defendant.  He further points out that Dickens then sent a copy of the complaint via certified mail delivery to Triple "C" Trucking Company, Mr. Clifford Buffington, owner, P.O. Box 346, New Augusta, Mississippi 39462.  This presents several problems for Dickens.

¶24.    First, Dickens made no effort to amend the complaint to name the correct defendant.

¶25.    Second, the record does not indicate that a summons was issued and included with the complaint which was served upon Buffington.

¶26.    Third, whatever was served, was served via certified mail, which was no service at all upon an in-state defendant.

¶27.    Finally, the attempted service occurred more than three years following the accident

¶28.    In view of these incurable problems, the statute of limitations expired prior to any claim being filed against Triple "C" Transport Company, and any such claim is now barred.

*Herbert Henry.*

6

¶29.    The analysis regarding Henry is slightly different, but requires the same conclusion.

¶30.    The complaint was filed against Henry on July 14, 1997. No explanation is offered by Dickens as to why he made no attempt to serve Henry with process at the same time he attempted service upon Triple "C" Trucking Company. Dickens implies that service of process was not pursued because of the bankruptcy of Triple "C" Trucking Company. This is no explanation at all, since the bankruptcy of one defendant would have no affect at all on Dickens's responsibility or ability to serve process and proceed against a different defendant. Nevertheless, we will analyze the facts as presented to us in view of the arguments offered by Dickens.

*The Statute of Limitations.*

¶31.    Mississippi law provides that "[a]ll actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of action accrued, and not after." Miss. Code Ann. § 15-1-49 (1) (Rev. 2003).

¶32.    In the event the action is commenced within the period of limitation, the statute of limitations stops running, for a time. *Watters v. Stripling*, 675 So. 2d 1242, 1244 (Miss. 1996) ("The filing of an action tolls the statute of limitations until the expiration of the 120-day service period.") .

¶33.    Mississippi law further provides:

> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

M.R.C.P. 4(h) (emphasis added).

¶34.    In the event process is not served during the 120 day service period, the statute begins to run again. *Holmes*, 815 So. 2d at 1185. In *Holmes*, this Court held that "[f]iling of a complaint tolls the applicable

7

statute of limitations 120 days, but if the plaintiff fails to serve process on the defendant within that 120-day period, the statute of limitations automatically begins to run again when that period expires." *Id.* In order to further toll the statute of limitations, the plaintiff must then refile the complaint before the statute of limitations ends, or show good cause for failing to serve process on the defendant within that 120 day period; otherwise, dismissal is proper. *Id.*, *citing Watters*, 675 So. 2d at 1244; *Brumfield v. Lowe*, 744 So. 2d 383, 387 (Miss. Ct. App. 1999).

¶35. Here, the accident occurred on October 6, 1994. Dickens filed suit on July 14, 1997, 84 days before the expiration of the three years. Dickens did not attempt process on Henry during the 120 days, which ended November 11, 1997. Since process was not served on Henry as of that date, the statute of limitations began to run again, and it expired 84 days later, on February 3, 1998.

¶36. A summons was issued on February 24, 1998, returnable to Dickens's attorney. The summons was returned unserved, and was filed on March 4, 1998. Dickens then, on March 19, 1998, sent the complaint and summons to Henry via certified mail, and Henry signed for them on March 23, 1998.

¶37. Henry then moved for dismissal, claiming that service of process was defective. Nevertheless, the record does not reflect that Henry has ever been properly served with process.

¶38. This case now turns on the issue of whether Dickens has demonstrated "good cause" for failing to serve process within the 120 day period, thereby allowing him to properly serve Henry and proceed with his action.

*Good Cause for Failure to Serve Process.*

¶39. Even assuming arguendo that Henry was properly served with process on March 23, 1998, when he signed for the certified mail, the statute of limitations had already run on February 3, almost two months before. However, if a plaintiff who fails to serve process during the 120-day period can show "good

8

cause" why proper service was not obtained, the claim may be pursued, but "[t]he Plaintiff bears the burden of establishing good cause." **Holmes**, 815 So. 2d at 1185.

¶40. The trial court stated that the motion to dismiss was denied "due to some confusion existing in the file at the outset of this matter regarding the identity of the defendant." Even assuming this was an acceptable explanation as to Triple "C" Transport Company, it certainly would not apply to Henry. There was no confusion as to his identity or address. For reasons not apparent to this Court, Dickens did not even attempt to serve process on Henry until February 24, 1998, which was 21 days after the statute of limitations had expired.[2] Dickens offers no explanation or cause – good, bad or otherwise – for this failure. We now turn to Dickens's discussion of "good cause."

*Two Triple "C" Companies.*

¶41. The first argument offered by Dickens as to "good cause" implies that Dickens and his counsel were misled by the confusing names of two Triple "C" corporations, and also by the letters from Great River Insurance Co., referring to their insured as Triple "C" Trucking.

¶42. Dickens cites **Holmes** in support of his "good cause" argument. In **Holmes**, this Court held that, "at a minimum, a plaintiff attempting to establish 'good cause' must show 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'" ***Id.*** at 1186 (quoting **Watters,** 675 So. 2d 1242, 1243). This Court also stated that "the rule should not be used to penalize plaintiffs who demonstrate reasonable diligence in effecting timely service on defendants" ***Id.*** **Holmes** further held that "good cause" may be found:

_____

[2]This is true, even giving Dickens the benefit of the full 120-day tolling period. Stated differently, Dickens never attempted to have Henry served with process during the three years, plus 120 days following the accident.

9

when the plaintiff's failure to complete service in timely fashion is a result of the conduct of a third person, typically the process server, the defendant has evaded service of the process or engaged in misleading conduct, the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstances, or the plaintiff is proceeding *pro se* or *in forma pauperis*.

*Id.* (quoting 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1137, at 342 (3d ed. 2000)).

¶43.    Therefore, Dickens urges us to determine whether the defendants engaged in misleading conduct, whether the plaintiff acted diligently in trying to effect service and whether there were understandable mitigating circumstances.  We shall consider each of these in turn.

### a.  Misleading Conduct

¶44.    There are, claims Dickens, understandable mitigating circumstances regarding the proper name of the defendant Triple "C" Transport.  We are urged to take into account the assertion that Triple "C" Transport and Great River both had notice that Dickens believed the name of the company to be Triple "C" Trucking.  Blame is alleged against Triple "C" Transport and Great River for their failure to correct Dickens's mistaken belief that Triple "C" Trucking was the proper name of the defendant.

¶45.    Dickens misses the point.  If the only deficiency in this case was that the plaintiff misnamed the defendant, then Dickens's position would be sound.  However, the failures in this case go far beyond misnaming one of the defendants.  No misleading conduct attributable to others caused Dickens to improperly serve process by certified mail.  No misleading conduct of others is offered to explain why Dickens did not even attempt to serve process upon Henry until after the statute of limitations had run.  And no misleading conduct of others can explain why Dickens's counsel did not investigate further upon receiving a letter which placed him squarely on notice that he had sued the wrong Triple "C."

¶46. In summary, Dickens has wholly failed to demonstrate that anyone engaged in misleading conduct which prevented him from properly and timely serving process.

### b. Diligence in Serving Process

¶47. Dickens goes into great detail explaining his attempts to serve Triple "C" Trucking. He points out that he "served" Triple "C" Trucking with process on September 16, 1997, which was within the 120 day period. He further points out that, on March 23, 1998, Henry signed a receipt for the summons and the complaint which he received via certified mail. Triple "C" Transport admits that it signed a certified mail delivery receipt.

¶48. But no explanation is offered as to why process was attempted by certified mail, rather than as provided by the Mississippi Rules of Civil Procedure. And most importantly (as to the claim against Henry), no explanation is offered as to why no service at all was attempted prior to the expiration of the statute of limitations.

¶49. These deficiencies prevent us from finding that Dickens or his counsel used diligence in attempting to serve process.

### c. Understandable Mitigating Circumstances

¶50. Dickens's final argument is that understandable mitigating circumstances were shown, which support good cause for the delay in service of process. These include the accident report, Great River's correspondence, and the bankruptcy of Triple "C" Trucking Company. None of these facts rise to the level of mitigating circumstances which would excuse Dickens's failure to serve process prior to the expiration of the statute of limitations.

### CONCLUSION

¶51. Dickens's argument that he should be allowed to proceed with his lawsuit against the defendants is without merit. The statute of limitations has run, and the circuit court erred in ruling otherwise. Therefore, we reverse the circuit court's judgment, and we render judgment here finally dismissing Dickens's complaint and this action with prejudice as barred by the statute of limitations.

¶52. **REVERSED AND RENDERED.**

**SMITH, C.J., WALLER AND COBB, P.JJ., CARLSON AND GRAVES, JJ., CONCUR. EASLEY, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. DIAZ, J., NOT PARTICIPATING.**