967 So.2d 1254 (2007)
Terry E. SHELTON, Appellant
v.
LIFT, INC., Appellee.
No. 2006-CA-01750-COA.
Court of Appeals of Mississippi.
October 9, 2007.
Michael G. Thorne, Tupelo, attorney for appellant.
*1255 Michael Reed Martz, attorney for appellee.
Before LEE, P.J., IRVING, GRIFFIS and ISHEE, JJ.
IRVING, J., for the Court.
¶ 1. Terry E. Shelton filed a complaint against Lift, Inc., alleging that a driver for Lift negligently operated a bus on which he was a passenger. The Lee County Circuit Court dismissed the complaint with prejudice because Shelton failed to effect service of process within the 120-day period[1] and because service was not made before the statute of limitations expired. Aggrieved, Shelton appeals, asserting that the trial court erred in finding that the miscalculation by his attorney's paralegal did not constitute excusable neglect.
¶ 2. Finding no error, we affirm.

FACTS
¶ 3. On November 12, 2002, Shelton, a blind resident of Lee County, Mississippi, contacted Lift to transport him to his place of employment. While en route, the driver of the bus inadvertently passed the stop where another passenger was scheduled to disembark. The driver attempted to correct his error by backing up to the passed stop but, in the process, accidently backed into another vehicle. The driver then proceeded forward and abruptly applied the brakes. This caused Shelton's body to suddenly lunge forward. After arriving at his place of employment, Shelton began experiencing dizziness and severe pain in his neck. Shortly thereafter, he was transported to the North Mississippi Medical Center via ambulance.
¶ 4. On November 9, 2005, Shelton, through counsel, filed a complaint against Lift. According to Shelton's attorney, his paralegal miscalculated when the 120-day period was to expire. Based on the calculations done by the paralegal, the 120-day period would have expired on April 8, 2006, when in fact the date of expiration was March 13. As such, Lift was not served with process until April 5, 2006. On May 5, 2006, Lift filed a motion to dismiss on the grounds that service of process had not been effected until April 5, 2006. On July 14, 2006, Shelton responded by filing a motion to allow out-of-time service or, in the alternative, a motion for leave to serve process out of time. Lift then filed a response to Shelton's motion, along with an amended motion to dismiss. After a hearing on the amended motion, the trial court dismissed the case with prejudice.

ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 5. This Court conducts a de novo review of a trial court's grant or denial of a motion to dismiss. Harris v. Miss. Valley State Univ., 873 So.2d 970, 988(¶ 54) (Miss.2004). "A trial court's finding of fact on the existence of good cause for the delay in service of process has been deemed `a discretionary ruling and . . . entitled to deferential review' on appeal." Holmes v. Coast Transit Auth., 815 So.2d 1183, 1185(¶ 6) (Miss.2002) (quoting Rains v. Gardner, 731 So.2d 1192, 1197(¶ 18) (Miss.1999)).
¶ 6. In his single assignment of error, Shelton contends that he is entitled to relief because his attorney's paralegal miscalculated the date on which the 120-day period expired. Specifically, Shelton argues that "[the] dismissal was founded in its entirety upon the trial's [sic] court['s] abject refusal to recognize that mistakes *1256 can be made by even the most discerning of trial counsel and that counsel's support staff."
¶ 7. Rule 4(h) of the Mississippi Rules of Civil Procedure provides:
Summons: Time Limit for Service. If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause as to why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.
(emphasis added). Moreover, the Mississippi Supreme Court has held that "[t]o establish `good cause' the plaintiff must demonstrate `at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'" LeBlanc v. Allstate Ins. Co., 809 So.2d 674, 677(¶ 12) (Miss. 2002) (emphasis added) (quoting Watters v. Stripling, 675 So.2d 1242, 1243 (Miss.1996)). There is no dispute that Shelton's attorney's paralegal incorrectly calculated the expiration date for the 120-day period. At the hearing, the paralegal testified that the miscalculation was simply "an honest mistake." Nevertheless, the law in this State is clear that "simple inadvertence or mistake of counsel" is neither good cause nor excusable neglect. Id.
¶ 8. Shelton relies heavily on Pincay v. Andrews, 389 F.3d 853 (9th Cir.2004), to support his argument. However, in instances, such as the one presented here, where the law is well settled in Mississippi, we are duty bound to follow the law as announced by the Mississippi Supreme Court. As such, we decline to address his argument as it relates to Pincay.
¶ 9. We find no reversible error in the trial judge's dismissal of the case with prejudice. Despite the provision in Rule 4(h) that the dismissal shall be without prejudice, Shelton has suffered no prejudice, as the applicable 120-day period expired on March 13, 2006, and service was not effected until April 5, 2006. See In Re Holtzman, 823 So.2d 1180, 1182 n. 1 (Miss. 2002).
¶ 10. We also find that the trial court did not abuse its discretion in denying Shelton's motion for an extension of time to serve process. Therefore, we affirm the judgment of the Lee County Circuit Court.
¶ 11. THE JUDGMENT OF THE LEE COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P., JJ., CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
NOTES
[1] Rule 4(h) of the Mississippi Rules of Civil Procedure requires dismissal, without prejudice, of a complaint if it and a summons are not served on a defendant within 120 days after the filing of the complaint.