KITCHENS, Justice,
dissenting:
¶ 21. I respectfully disagree with the majority opinion, and I would find that the trial court abused its discretion in finding that “good cause” was not established.
¶ 22. As noted by the majority, Mississippi Rule of Civil Procedure 4(h) reads:
If a service of the summons and complaint is not made upon a defendant *8 ■within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court’s own initiative with notice to such party or upon motion.
M.R.C.P. 4(h). Thus, Mississippi Rule of Civil Procedure 4(h) contains two elements that must be present before an action may be dismissed for want of service within 120 days of the complaint’s being filed. M.R.C.P. 4(h). First, there must be a failure to serve process within 120 days of filing, and, second, the party failing to serve process must be unable to show the court “good cause” why service was not effected within the allotted time. Id.
¶ 28. Although no bright-line definition of “good cause” is articulated within Mississippi Rule of Civil Procedure 4(h), this Court has held:
[G]ood cause is likely (but not always) to be found when the plaintiffs failure to complete service in timely fashion is a result of the conduct of a third person, typically the'process server, the defendant has evaded service of the process or engaged in misleading conduct, the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstances, or the plaintiff is proceeding pro se or in forma pauperis.
Jenkins v. Oswald, 3 So.3d 746, 749-50 (Miss.2009) (quoting Holmes v. Coast Transit Auth., 815 So.2d 1183, 1186 (Miss.2002) (quoting 4B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1137 (3d ed. 2000))) (emphasis in original).
¶ 24. In Jenkins, the plaintiff filed her complaint in July 2002, yet service of process was not effected until January 2007. Id. at 747. Having been served with process four years after the 120-day period provided by Mississippi Rule of Civil Procedure 4(h) had lapsed, the defendant moved to dismiss the complaint. Id. In response to the motion to dismiss the complaint, evidence was adduced that the plaintiff had attempted to serve process on the defendant at two physical addresses thought to be the dwellings of the defendant. Id. at 747-48. The plaintiff also had attempted to locate the defendant with the aid of the United States Postal Service and Google, and the plaintiff had asked several of the defendant’s friends where the defendant could be located. Id. However, it was not until more than four years after the complaint had been filed, when plaintiffs counsel saw the defendant on a television advertisement and contacted the Office of the Secretary of State for a business address, that service was effected. Id. at 748.
¶ 25. After hearing testimony of the plaintiffs efforts, the trial judge observed that the plaintiff had not filed a motion for an enlargement of the 120-day period; however, the trial judge denied the defendant’s motion to quash process, noting that, because there was credible testimony evincing “some diligence, or at least reasonably diligent efforts[,]” “good cause” for failing to serve process within the 120-day period of Mississippi Rule of Civil Procedure 4(h) existed, and dismissal was not warranted. Id.
¶ 26. On interlocutory appeal, this Court affirmed the Jenkins trial court, acknowledging that the only imperative with respect to enlarging the 120-day period per Mississippi Rule of Civil Procedure 4(h) is that good cause be established, not whether the plaintiff filed a motion for an extension of time. Id. at 749-51.
¶ 27. In the case at bar, the majority opinion fails to address whether good *9 cause was demonstrated by the plaintiff, or whether counsel for Stutts “acted diligently.” Jenkins, 3 So.3d at 749-50; M.R.C.P. 4(h). Instead, the majority relies on Montgomery v. SmithKline Beecham Corp., 910 So.2d 541 (Miss.2005), in which this Court opined, “[A] diligent plaintiff should file [a motion for additional time to serve process] within the 120-day time period.” Id. at 545; Maj. Op. at ¶ 15. However, Montgomery does not hold that the sole method for a plaintiff to show diligence is filing a motion for an extension of time in which to serve the defendant, or that such is required. Id. Instead, Montgomery stands for the proposition that, regardless of whether a plaintiff files a motion for an enlargement of time, he or she must demonstrate to the court an exercise of diligence in trying to serve the defendant(s). Id. at 543. “Stated another way, a plaintiff who — prior to expiration of the service period — files a motion representing that he or she has been unable to serve process, will more likely succeed in demonstrating diligence than a plaintiff who does nothing. Either way, however, the plaintiff must demonstrate diligence.” Id. at 546 (Emphasis added.)
¶ 28. Here, to establish diligence or “good cause,” counsel for Stutts submitted ten affidavits, which were not contradicted by the defendants. Through these affidavits, it was shown that Stutts had sent a process server multiple times to the defendants’ address that was included in the accident report, but the defendants no longer lived there and no persons present could, or would, reveal the defendants’ address. Failing in that effort to serve process, Stutts had checked the Alcorn County land roll and local telephone records, but to no avail. Stutts also had checked the Alcorn County Tax Collector’s records for automobiles registered to either defendant; however, the address in these records was the same incorrect address appearing in the accident report. Stutts had consulted a local constable, who had served for sixteen years in that position, along with a district supervisor, the Alcorn County Justice Court, the Corinth Municipal Court, a Deputy Alcorn County chancery clerk, a deputy sheriff who had served in office for twenty years, and another Alcorn County constable, all of whom were unaware of the defendants’ whereabouts. Stutts also had contacted a school teacher at Kossuth Middle School, a school in the Alcorn County School District, after learning that Defendant Jaci Miller may have attended that school; however, the teacher had no knowledge of that defendant’s location. Stutts also had contacted a business owner and lifelong resident of the area, as well as young persons close to Jaci Miller’s age, in hopes that they would know that defendant’s location. In addition, Stutts had checked multiple debt-collection programs in an effort to locate and serve process on the defendants. Yet, each of these efforts, which were established by undisputed affidavit, proved unfruitful. It was not until soon after the expiration of the 120-day period that someone at the Alcorn County Courthouse, who was aware of the plaintiffs quest, provided a lead that quickly resulted in the defendants’ being served.
¶ 29. While it is true that Stutts, like the plaintiff in Jenkins, failed to file a motion to extend the 120-day period provided by Mississippi Rule of Civil Procedure 4(h), this circumstance is not disposi-tive. It is necessary only that the plaintiff show “good cause” for failing to meet the 120-day deadline, that is, that “the plaintiff ... acted diligently in trying to effect service or there are understandable mitigating circumstances.” Id. at 749-50 (Miss.2009) (quoting Holmes v. Coast Transit Auth., 815 So.2d 1183, 1186 (Miss.2002) (quoting 4B Charles Alan Wright & *10 Arthur R. Miller, Federal Practice & Procedure § 1187 (3d ed. 2000))). Stutts has strongly made such a showing; she was far from dilatory or slothful, and, to the contrary, was uncommonly industrious in trying to find and serve these defendants.
¶ 80. Given that the linchpin in the majority’s analysis is that the plaintiff did not file a motion for an extension of time, rather than whether the diligence, or lack thereof, of the plaintiff amounted to “good cause” within the meaning of Mississippi Rule of Civil Procedure 4(h), the majority has elevated the recommended, but optional, motion for an extension of time to the status of an indispensable element of “good cause.” Because this new, judicially created element can be found in neither Mississippi Rule of Civil Procedure 4(h) or this Court’s precedent, I respectfully dissent, and would hold that the trial court abused its discretion by finding that “good cause” for the plaintiffs failure to serve process within 120 days of the suit’s being filed was not established.
WALLER, C.J., AND GRAVES, P.J., JOIN THIS OPINION.