# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CA-00347-COA

**WILLIAM KEVIN HADLEY**                                                                                   **APPELLANT**

**v.**

**FEDEX GROUND PACKAGE SYSTEM INC.**                                          **APPELLEES**
**AND STEVEN OTTO**

DATE OF JUDGMENT:                        02/15/2018
TRIAL JUDGE:                                     HON. JAMES McCLURE III
COURT FROM WHICH APPEALED:    DESOTO COUNTY CIRCUIT COURT
ATTORNEYS FOR APPELLANT:         JOE MORGAN WILSON
                                                        JERRY WESLEY HISAW
ATTORNEYS FOR APPELLEES:          ROBERT A. BIGGS III
                                                        CHARLES STEPHEN STACK JR.
NATURE OF THE CASE:                     CIVIL - PERSONAL INJURY
DISPOSITION:                                   AFFIRMED - 04/30/2019
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**EN BANC.**

**TINDELL, J., FOR THE COURT:**

¶1.     On June 20, 2017, Steve Otto ("Otto") and FedEx Ground Package System Inc. ("FedEx") filed a Motion to Dismiss against William Kevin Hadley ("Hadley") in the DeSoto County Circuit Court, arguing that Hadley had failed to properly serve Otto and FedEx before the statute of limitations expired. The circuit court granted the motion and dismissed Hadley's claims for insufficient service of process. In his response to the defendants' motions, Hadley moved to amend his complaint to add J. Delivery Services, Otto's actual employer, as a defendant. The circuit court denied this motion as moot. Hadley now appeals this judgment, arguing that the circuit court erred by not granting Hadley a 120-day extension

of time to perfect service of process and by not granting Hadley leave to amend his complaint. Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2. This case stems from a car accident that occurred on January 31, 2014, when Otto rear-ended Hadley while driving a truck owned by FedEx. On January 31, 2017, Hadley filed a complaint against FedEx and Otto in the circuit court exactly one day before the statute of limitations expired.

¶3. Hadley attempted to serve FedEx on its Mississippi registered agent, CT Corporation System, via certified mail. After much difficulty locating Otto, Hadley's attorney filed a motion for additional time to serve process one week before the deadline to serve Otto would expire. The motion was never set for a hearing, and no order was entered granting the motion. Hadley nonetheless attempted to serve Otto by publishing notice in the *DeSoto Times Tribune* for three consecutive weeks beginning on June 20, 2017.

¶4. On July 20, 2017, FedEx and Otto filed motions to dismiss Hadley's complaint, arguing that Hadley had failed to properly serve them with process within the 120-day deadline prior to the expiration of the statute of limitations. Hadley responded, again requesting an extension of time to serve the parties along with a motion for leave to amend the complaint to add J. Delivery Services, Otto's actual employer at the time of the accident, as a party to the action.

¶5. The circuit court granted the defendants' motions to dismiss, finding that Hadley failed to properly serve FedEx and Otto within the 120-day deadlines and failed to show

good cause for invalid service. The circuit court also denied Hadley's motion for leave to amend his complaint. Aggrieved, Hadley now appeals.

## STANDARD OF REVIEW

¶6. This Court reviews the grant or denial of a motion to dismiss de novo. *Blakeney v. Warren County*, 973 So. 2d 1037, 1039 (¶11) (Miss. Ct. App. 2008). A finding of good cause or excusable neglect is usually left to the discretion of the circuit court, unless such discretion is abused and requires reversal. *Long v. Mem'l Hosp. at Gulfport*, 969 So. 2d 35, 38 (¶5) (Miss. 2007). Where a circuit court applies interpretations of law in its analysis, the court reviews its determination de novo. *Id*. But, where the court applies fact-based findings in its determination of good cause or excusable neglect, the Court defers to the discretionary ruling of the circuit court and "whether there was substantial evidence supporting the determination." *Rains v. Gardner*, 731 So. 2d 1192, 1197 (¶18) (Miss. 1999). "Motions for leave to amend complaint are left to the sound discretion of the trial court," and the Court reverses only where a determination of abuse of discretion is found. *Moeller v. Am. Guarantee & Liab. Ins. Co.*, 812 So. 2d 953, 961 (¶26) (Miss. 2002).

## ANALYSIS

¶7. As a basic principle of pre-trial practice, plaintiffs are required to serve defendants with a copy of the complaint and summons within 120 days of filing the complaint in order to effectively put defendants on notice of a pending lawsuit. M.R.C.P. 4(h). Filing a complaint marks the tolling of the statute of limitations. *Watters v. Stripling*, 675 So. 2d 1242, 1244 (Miss. 1996). If service of process is not perfected during that time period, the

3

statute of limitations begins to run at the end of that 120 days. *Owens v. Mai*, 891 So. 2d 220, 223 (¶18) (Miss. 2005). Where a defendant is not properly served and the statute of limitations expires, dismissal of the plaintiff's case with prejudice is warranted. *Stutts v. Miller*, 37 So. 3d 1, 7 (¶17) (Miss. 2010).

## I. FEDEX

¶8. In this case, FedEx would be properly served with process as a corporation by delivery of the summons and complaint to an officer, managing agent, general agent, or any other agent authorized to receive process. M.R.C.P. 4(c)(4). But as Hadley admits in his brief, the only attempt to serve FedEx was via certified mail on its registered agent (CT Corporation System), located in Flowood, Mississippi. Certified mail may be used to serve process upon persons "outside this state." *Triple C Transp. Inc. v. Dickens*, 870 So. 2d 1195, 1198-99 (¶21) (Miss. 2004) (citing M.R.C.P. 4(c)(5)). The Advisory Committee Note to that rule provides that "[c]ertified mail service is . . . limited to persons outside the state." M.R.A.P. 4, advisory committee note. Rule 4(d)(4) makes no distinction for service between a domestic or foreign corporation. So long as the foreign corporation does business in Mississippi, service of process is proper by delivery to its registered agent for service of process. Miss. Code Ann. § 13-3-57 (Rev. 2012). Therefore, Hadley did not properly serve FedEx within the 120-day deadline.

¶9. Hadley argues that good-faith negotiations coupled with his attorney's belief that service of process was not an issue entitled him to a good-cause extension by the circuit court. A plaintiff must serve defendants with process with the 120-day time frame or show

4

good cause as to why service was not made. *Watters*, 675 So. 2d at 1243. Good cause can be established when the plaintiff demonstrates "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Peters v. United States*, 9 F.3d 344, 345 (5th Cir. 1993). Where failure of service is the result of a third party's conduct, evasion of service or misleading conduct by the defendant, or understandable mitigating circumstances, good cause may sometimes (but not always) be found. *See Bloodgood v. Leatherwood*, 25 So. 3d 1047, 1051-52 (¶20) (Miss. 2010); *Holmes v. Coast Transit Auth.*, 815 So. 2d 1183, 1186 (¶12) (Miss. 2002).

¶10.    Here, there is no evidence that FedEx attempted to evade process or mislead Hadley. The facts, as provided by both parties, reflect that Hadley waited until the day before his statute of limitations expired to file his complaint, thereby narrowing his own window for effective service of process. The fact that his counsel mistakenly believed that "service of process was not an issue" is irrelevant absent some proof of improper representations by FedEx. "A plaintiff must be diligent in serving process if he is to show good cause in failing to serve process within 120 days." *In re Holtzman*, 823 So. 2d 1180, 1184 (¶11) (Miss. 2002) (citing *Bang v. Pittman*, 749 So. 2d 47, 52 (¶25) (Miss. 1999)). In *Holtzman*, the Mississippi Supreme Court held that a simple mistake by plaintiff's counsel, such as misfiling a summons, did not warrant an extension for good cause where process was not served within 120 days. *Id.* In this case, the fact that plaintiff's counsel mistakenly believed that any service of process issues were taken care of does not waive the duty to ensure that

all parties are served properly.

¶11.    Reliance on settlement negotiations is also an insufficient basis to establish good cause for an extension of time to serve process. *Holmes*, 815 So. 2d at 1186-87 (¶11).  In *Holmes*, the plaintiff failed to properly serve a governmental entity within the 120-day time frame due to the mistaken belief by plaintiff's counsel that the defendant had accepted service. *Id*. at 1184 (¶4).  When the circuit court dismissed the case, the plaintiff argued on appeal that the defendant mistakenly led counsel to believe service of process was accepted and that settlement negotiations were ongoing. *Id*. at 1186 (¶10).  The Court rejected this argument and found that "[r]eliance on indefinite good faith negotiations clearly subverts the purpose of Rule 4(h), which is to bring claims to a court for judicial review in a timely manner." *Id*. at 1187 (¶14).  The rationale of the *Holmes* Court was not to punish plaintiffs who diligently seek to serve process but to encourage parties to engage in settlement negotiations while properly and timely giving plaintiffs their day in court. *Id*.  Hadley's case, while dealing with a corporation rather than a governmental entity, is nevertheless similar in circumstances and warrants the same result.  Neither mistake of counsel nor ongoing settlement negotiations relieves a plaintiff from adhering to service-of-process rules.

¶12.    Finally, Hadley argues that FedEx potentially waived its service of process defenses "based upon the facts of this case."  But the waiver of affirmative defenses occurs where there is substantial and unreasonable delay plus active participation in litigation. *Estate of Puckett v. Clement*, 238 So. 3d 1139, 1145 (¶10) (Miss. 2018).  Here, FedEx filed its answer less than one month after Hadley's improper service, asserted its improper service of process

6

defenses, and then filed its Motion to Dismiss based upon the failure to properly serve within one month of filing its answer. Such conduct does not constitute a waiver under Mississippi law.

¶13. The circuit court found that ongoing settlement negotiations and a mistaken belief that service of process was not an issue failed to establish good cause for an extension of time to serve FedEx. We find no abuse of discretion with the circuit court's decision to deny Hadley's motion and dismiss the case.

## II. OTTO

¶14. Hadley also contends that the circuit court committed error by dismissing his claims against Otto for failure to serve process. Otto, as an individual, could best be served with process through personal delivery of the summons and complaint. M.R.C.P. 4(d)(1)(A). If, after reasonable diligence, the defendant cannot be served personally, a copy of the complaint and summons can be made "at the defendant's usual place of abode with the defendant's spouse or some other person of the defendant's family above the age of sixteen years who is willing to receive service" *and* by first-class mail to the same address thereafter. M.R.C.P. 4(d)(1)(B). Additionally, Otto could have been properly served by first-class mail along with two copies of a notice and acknowledgment and return envelope. M.R.C.P. 4(c)(3). If the defendant does not return the acknowledgment back to the sender under this rule, process may be served using another proper method. *Id.* Finally, where a defendant is a nonresident of the state or, after proof of diligent inquiry, the defendant is determined to be absent within the state, service by publication may be proper. M.R.C.P. 4(c)(4)(A).

¶15. In his brief, Hadley states that there were difficulties locating Otto due to address changes and alleged domestic-violence issues. But there is no indication that Hadley attempted personal service or service by mail to any of Otto's listed addresses. Hadley's counsel then filed a motion for additional time to serve process upon Otto approximately one week before the 120-day deadline expired. However, he did not set the motion for hearing or obtain a ruling on the motion. Hadley uses this motion to argue that he need only show "cause" rather than "good cause" to warrant an extension. *See Cross Creek Prod. v. Scafidi*, 911 So. 3d 958, 960 (¶¶5-6) (Miss. 2005). The Mississippi Supreme Court has held, however, that "a party making a motion must 'follow up that action by bringing it to the attention of the judge and by requesting a hearing upon it.' It 'is the responsibility of the movant to obtain a ruling from the court on motions filed by him, and failure to do so constitutes a waiver of same.'" *Billiot v. State*, 454 So. 2d 445, 456 (Miss. 1984) (citing *Sharplin v. State*, 357 So. 2d 940, 942 (Miss. 1978)). By failing to set his original motion for hearing or obtain an order, Hadley waived that motion.

¶16. Following the motion, Hadley's only attempt to serve Otto was by publication in the *DeSoto Times Tribune*. Rule 4(c)(4)(A) allows for service by publication where a defendant is "a nonresident of this state or not be found therein on diligent inquiry." M.R.C.P. 4(c)(4)(A). Service by publication in lieu of personal service is proper only after a showing of diligent inquiry proves that the plaintiff is unable to serve the defendant personally within the state. *Page v. Crawford*, 883 So. 2d 609, 611-12 (¶¶10-11) (Miss. Ct. App. 2004), *overruled on other grounds by E. Mississippi State Hosp. v. Adams*, 947 So. 2d 887, 891

8

(¶12) (Miss. 2007). Further, when a plaintiff requests service by publication, the plaintiff must file a sworn complaint, petition, or affidavit with the post office address of the defendant unless after diligent inquiry, the post office address is unknown. M.R.C.P 4(c)(4)(A). The rules regarding service by publication must be strictly observed. *Caldwell v. Caldwell*, 533 So. 2d 413, 415-16 (Miss. 1988). If the plaintiff fails to meet these "diligent inquiry" requirements, this may result in the Court finding improper service of process. *Id*. Such a showing of diligent inquiry constitutes good faith to the court and the law in which these requirements were founded. *Id*.

¶17. Hadley acknowledged "difficulties" in locating Otto in his brief, including potential address changes and domestic violence issues. But Hadley never indicated that he made diligent efforts to personally serve Otto or use other means of service. Further, Hadley did not file a sworn complaint, affidavit, or petition including Otto's post office address or proof that, after diligent inquiry, Otto could not be located. Again, the rules require such proof by documentation in order to properly serve Otto by publication. *See Townsend v. What a Combo Inc*., No. 2017-CA-01168-COA, 2019 WL 125878, at *2 (¶10) (Miss. Ct. App. Jan. 8, 2019) (finding insufficient service by publication where an affidavit was filed but did not comply with Rule 4 (c)(4)(A)). Because Hadley only attempted to serve Otto by publication and failed to do so in compliance with Rule 4(c)(4)(A), the Court finds that Otto was never properly served.

¶18. Hadley filed his second motion for an extension along with his response to Otto's motion to dismiss, arguing, as he does in his brief, that good cause existed to warrant an

9

extension. Where a plaintiff has not proven diligence in attempting to serve the defendant, the Court will not find good cause for extension. *Estate of Puckett*, 238 So. 3d at 1148 (¶25). Based upon the facts before this Court, we disagree with Hadley that good cause was shown in his efforts to serve Otto. Because the statute of limitations ran before Otto was properly served, the circuit court acted within its discretion to dismiss the case.

### III.   J. DELIVERY SERVICES

¶19.   Finally, Hadley contends that the circuit court erred when it denied his motion to amend the complaint to add J. Delivery Services, an independent contractor for FedEx that was Otto's actual employer. "A party may amend a pleading as a matter of course at any time before a responsive pleading is served, . . . [o]therwise a party may amend a pleading only by leave of court or upon written consent of the adverse party. . . ." M.R.C.P. 15(a). Amendments should be freely given unless the proposed amendment would still render the claim futile. *Jones v. Lovett*, 755 So. 2d 1243, 1247 (¶8) (Miss. Ct. App. 2000).

¶20.   Here, Hadley filed his original complaint one day before the statute of limitations ran.[1] Thus, the filing of the complaint tolled that one-day limitations period for 120 days for service of process. The circuit found that Hadley failed to properly serve both Otto and FedEx within the 120-day deadline, allowing the one-day statute of limitations time period to run, and the court dismissed the original complaint as time-barred. Rule 15 allows for the amendment of a complaint either during the limitations time period or after the statute of limitations has run, so long as that amended complaint relates back to the original complaint.

---

[1] The three-year statute of limitations is applicable in this case. *See* Miss. Code Ann. § 15-1-49 (1990).

M.R.C.P. 15. The requirements of Rule 15(c) "must be fulfilled before the statute of limitations has run or within 120 days of the filing of the original complaint." *Brown v. Winn-Dixie Montgomery Inc.*, 669 So. 2d 92, 94 (Miss. 1996) (citing *Schiavone v. Fortune*, 477 U.S. 21 (1986)). Because Hadley failed to properly serve Otto and FedEx, thereby dismissing the original complaint as time-barred, this Court agrees with the circuit court that the motion for leave to amend the complaint was moot. As such, the circuit court was within its discretion to deny Hadley's motion for leave to amend the complaint.

**CONCLUSION**

¶21. Hadley filed this lawsuit one day before the statute of limitations expired. As such, the statute of limitations period was only tolled for 120 days unless an extension was properly granted. Hadley failed to obtain a ruling on his prior motion for extension and failed to demonstrate good cause for extension before the circuit court on his second untimely motion. Neither FedEx nor Otto were effectively served with process before the statute of limitations expired, and therefore the claims against them were properly dismissed. Furthermore, the circuit court was within its discretion to deny Hadley's motion for leave to amend the complaint because the dismissal of the original complaint rendered the amendment futile. For the foregoing reasons, we affirm the circuit court's judgment.

¶22. **AFFIRMED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR.**