# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2001-CA-00707-SCT

*IN RE: ROSEMARIE HOLTZMAN*

| | |
|---|---|
| DATE OF JUDGMENT: | 3/30/2001 |
| TRIAL JUDGE: | HON. STEPHEN B. SIMPSON |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | RODERICK D. WARD, III |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED - 08/15/2002 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 9/5/2002 |

**EN BANC.**

**COBB, JUSTICE, FOR THE COURT:**

¶1. Rosemarie Holtzman (Holtzman) filed suit in the Harrison County Circuit Court against the Grand Casino, alleging that she sustained injuries at the casino on May 1, 1997. She claimed that a casino employee knocked over a stool causing it to fall on her, and that as a result she fell and was injured. After her attorney failed to serve process in the lawsuit, Holtzman's suit was dismissed because the statute of limitations had run. Aggrieved, Holtzman asks this Court to reverse the trial court's denial of her motion to extend time for service of process and its dismissal of her suit.

## FACTS

¶2. Holtzman retained attorney Roderick Ward (Ward) to file suit against the Grand Casino, which he did on April 28, 2000, just two days before the applicable three-year statute of limitations would have run. The summons was duly issued by the Harrison County circuit clerk and returned to Ward for service by a private process server. However, the summons and the complaint were never served. On January 31, 2001, Holtzman filed for an extension of time to complete service. The trial court conducted a hearing on Holtzman's motion March 30, 2001, and denied her request for an extension of time. The trial court further found that, after allowing for the 120 days time in which to serve process, the statute of limitations finally ran in August 2000, and it dismissed Holtzman's complaint.

¶3. At the hearing, Ward presented the following testimony in support of excusing his failure to complete

service within 120 days:

> The Court: . . . [T]he complaint was filed on April 28. 120 days for service ran on August 26 of 2000, right?
>
> Mr. Ward: That's the way we calculated it, yes, Your Honor.
>
> The Court: And you filed your motion for extension in January.
>
> Mr. Ward: Yes, Your Honor.
>
> The Court: Some five months thereabouts later. How was it discovered? Was Ms. Holtzman staying in touch with your firm regarding the status of her case?
>
> Mr. Ward: Periodically, Your Honor. The way that it was discovered, and I was not totally prepared for this, but I can tell you how I think it was discovered. My paralegal does a review of all cases every few months or so, six months or so, and that would have been--I know I do remember him for not only this type of situation but for a statute of limitations purposes, and I know he was doing a statute of limitations review at the beginning of the year, and that's how I think he would have caught this.
>
> The Court: It appears you would have also been anticipating an answer from the defendants which was not forthcoming for obvious reasons.
>
> Mr. Ward: Yes, Your Honor. In my office's defense, Your Honor, this process by which this has occurred has worked on many thousand cases that we have been involved in.
>
> This is just one of those situations because of all the factors different [sic] involved it just unfortunately fell through the cracks and was misfiled.

¶4. Ward more precisely delineated the source of the trouble as: "[F]rom all indications, the new male file clerk that started this task of routing mail at the same time we were routing mail for these other matters apparently just filed the complaint and the summons away."

¶5. Following the trial court's denial of the motion and dismissal of Holtzman's suit with prejudice,[1] she timely filed a motion for reconsideration which was denied by the trial court on April 17, 2001. Holtzman timely filed a notice of appeal to this Court appealing the trial court's denial of her motion for reconsideration. On May 31, 2001, Grand Casino filed a motion for leave to make special appearance without waiving any defenses which was granted by this Court on June 12, 2001, allowing Grand Casino to file an amicus curiae brief.

## DISCUSSION

**I. Whether the trial court abused its discretion in failing to find "good cause" for the failure to serve process on Grand Casino within 120 days and dismissing Holtzman's complaint for expiration of the three-year statute of limitations?**

¶6. A determination of what constitutes "good cause" to extend the time period in which to serve process is a discretionary ruling on the part of the trial court and entitled to deferential review of whether the trial court

abused its discretion and whether there was substantial evidence in support of the determination. ***Rains v. Gardner***, 731 So. 2d 1192, 1197 (Miss. 1999). The trial court enjoys wide discretion to enlarge the time for service of process both before and after the actual termination of the allotted time. *See* Miss. R. Civ. P. 6(b) & cmt.; *see also* **Woods v. Allied Concord Fin. Corp**., 373 F.2d 733, 734 (5th Cir. 1967); ***Crumpton v. Hegwood***, 740 So. 2d 292, 293 (Miss. 1999).

¶7. Holtzman alleges that "good cause" existed for the trial court to have allowed an extension of the time to effect service of process. Our analysis begins with a review of the applicable provision of Mississippi Rule of Civil Procedure 4(h) which states:

> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show **good cause** why such service was not made within that period, the action **shall be dismissed** as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

(Emphases added.)

¶8. This Court in ***Watters v. Stripling***, 675 So. 2d 1242, 1243 (Miss. 1996) (quoting **Peters v. United States**, 9 F.3d 344, 345 (5th Cir. 1993)), stated:

> If a plaintiff fails to serve the defendant properly within 120 days of filing the complaint, upon motion of the defendant or sua sponte by the court with notice to the plaintiff, the action shall be dismissed without prejudice unless the plaintiff shows good cause for failure to complete service. To establish "good cause" the plaintiff must demonstrate "at least as much as would be required to show excusable neglect, as to which **simple inadvertence or mistake of counsel** or ignorance of the rules **usually does not suffice**." *See Sys. Signs Supplies v. United States Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990).

(Emphasis added.) In responding to the Watters' claim "that their action should not be barred because of the derelict performance by their counsel in not serving Stripling timely," this Court rejected that argument, as follows:

> The Watters do not claim that there was good cause for not serving Stripling. They simply argue that they should not have to suffer the hardship of losing their day in court. **The fact that dismissal may work to preclude this action because of the running of the statute of limitation is of no consequence.** Thus, dismissal was proper.

*Id.* at 1243-44 (citation omitted) (emphasis added).

¶9. The present circumstances are as clear an example as one could wish of "simple inadvertence or mistake of counsel." While Ward alluded to his "heavy caseload," he did not allege that this caseload was the proximate cause of his failure to serve process; he specifically stated that the summonses were simply misfiled. Moreover, as the trial court pointed out, ordinary attention to his caseload would have led Ward to notice that he had received no answer from Grand Casino and to check his case file.

¶10. Perhaps this is why Holtzman does not even argue on appeal that there was good cause for not timely serving process. In her brief, Holtzman asserts as the sole issue that "the trial court erred in denying her motion for extension of time to serve her complaint when, because of the statute of limitations, the denial

prevented the lawsuit from being tried on the merits." She gives the following reasons why this Court should reverse the trial court:

1. Holtzman argues that "given that public policy favors a decision on the merits, that discretion should err to the benefit of the plaintiff where a denial would effectively dismiss the case with prejudice due to the running of the statute of limitations." (citing *Sartain v. White*, 588 So. 2d 204, 208 (Miss. 1991) and *Terrell v. Miss. Bar*, 635 So. 2d 1377 (Miss. 1994), both of which are default judgment cases) .

2. Holtzman looks to Rule 6 and its comment for her argument that "the court is given wide discretion to enlarge the various time periods both before and after the actual termination of the allotted time"(citing the general rule regarding enlargement of time, rather than the specific provisions of Rule 4(h) which is controlling here).

3. Holtzman argues that it is an abuse of discretion for the trial court not to extend the service of process period "where the defendant could show no prejudice," citing *Dailey v. Methodist Med. Ctr*, 790 So. 2d 903, 919 (Miss. Ct. App. 2001), in which a divided Court of Appeals affirmed a trial court decision denying dismissal where the defendant made no claim of "harm, hardship or prejudice," "plaintiff **showed good cause** for the delay in service," and "the case was not dismissed after the 120 day service period." (emphasis added). No petition for certiorari was filed.

4. Finally, Holtzman cites the Advisory Committee notes to Fed. R. Civ. P. 4(m) (the counterpart[2] to our Rule 4(h)) for the argument that the court **may** be justified in extending the 120 day deadline, where "the applicable statute of limitations would bar the refiled action." [3]

¶11. Nowhere in her brief does Holtzman argue that there was good cause for not effecting service in the required period.[4] There was not even a colorable argument that failure to timely serve process was anything other than inadvertence or mistake. Holtzman's attorney admitted he had no contact with counsel of any of the named defendants after filing the complaint, even though he remained in contact with his client. Holtzman made no allegation that any of the defendants were avoiding service of process, could not be located, were unknown, or any other reason that would arguably qualify as good cause. In fact, at the hearing the attorney admitted that the agent for service of process for all the defendants is "right across the river from my office in Jackson." As this Court stated in *Bang v. Pittman*, 749 So. 2d 47, 52 (Miss. 1999), "[s]imply put, Bang knew where to find Pittman and failed to serve him during the 120 day period. A plaintiff must be **diligent** in serving process if he is to show good cause in failing to serve process within 120 days." (emphasis added).

¶12. Holtzman has admitted that the reason service was not effected was that it was mistakenly or inadvertently misfiled, and as already stated, we have consistently held that "simple inadvertence or mistake of counsel" is neither good cause nor excusable neglect. *Watters*, 675 So. 2d at 1243. *See also LeBlanc v. Allstate Ins. Co.*, 809 So. 2d 674, 678 (Miss. 2002); *Crumpton*, 740 So. 2d at 294; *Rains v. Gardner*, 731 So. 2d at 1196.

## **CONCLUSION**

¶13. Because the trial court did not abuse its discretion in denying Holtzman's motion for extension of time, and dismissing the complaint due to the statute of limitations, the decision of the trial court to deny the

extension of time for service of process and to dismiss the complaint is affirmed.

¶14. **AFFIRMED.**

> **PITTMAN, C.J., SMITH, P.J., WALLER AND CARLSON, JJ., CONCUR. McRAE, P.J., DIAZ, EASLEY AND GRAVES, JJ., DISSENT WITHOUT SEPARATE WRITTEN OPINION.**

1. We acknowledge that the plain language of Rule 4(h), on which the trial judge based his dismissal, states dismissal is to be *without* prejudice. However, the judge was within his authority to calculate the dates and conclude that, because the underlying three-year statute of limitations had run some seven months prior to the date of his order, dismissal with prejudice was proper.

2. There are no similar notes to our Rule 4(h). Also, Federal Rule 4(m) states that, "if the plaintiff **shows good cause** for the failure [to serve process within 120 days after filing of the complaint], the court **shall extend the time** for service for an appropriate period." (emphases added). Conversely, our Rule 4(h) states that "if a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required **cannot show good cause** why such service was not made within that period, **the action shall be dismissed** as to that defendant without prejudice...." (emphases added).

3. Unfortunately for Holtzman, it does not appear that this Court has ever adopted any of these four arguments as good cause for granting an extension of time for effecting service of process.

4. Holtzman does argue that she was acting in "good faith" when she requested an extension of time, but that is not the same as claiming good cause for not serving process.