# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2004-IA-01588-SCT

*CROSS CREEK PRODUCTIONS*

*v.*

*ANDREA SCAFIDI*

| | |
|---|---|
| DATE OF JUDGMENT: | 07/13/2004 |
| TRIAL JUDGE: | HON. ALBERT B. SMITH, III |
| COURT FROM WHICH APPEALED: | TUNICA COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | SHEA S. SCOTT |
| | ROBERT F. STACY, JR. |
| ATTORNEY FOR APPELLEE: | ANDREW C. BURRELL |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED AND REMANDED - 09/29/2005 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE WALLER, P.J., EASLEY AND GRAVES, JJ.**

**WALLER, PRESIDING JUSTICE, FOR THE COURT:**

¶1. Andrea Scafidi, an employee of the Grand Casino in Tunica, Mississippi, was injured when she fell from a production truck which was taping a sports event. In a pro se complaint, she alleged that, at the time of the incident, she was acting in the scope of her employment and that, if a guard rail had been attached to the truck's stairs, she would not have fallen. Scafidi named the following as defendants: Grand Casino Tunica; Grand Casinos Mississippi Development, Inc.; Park Place Entertainment Corporation; John Does One through Ten; and Cross Creek Productions.

¶2.    The complaint was filed on July 29, 2003, and the M.R.C.P. 4(h) deadline for service of process was November 26, 2003. Scafidi never requested that summonses be issued. She hired an attorney to represent her, and, on November 18, 2003, he moved for an additional 120 days in which to serve process. This motion was made within 120 days of the filing of the complaint. The order granting the motion gave Scafidi until March 26, 2004, to serve process.

¶3.    On December 3, 2003, Scafidi filed an amended complaint. The summons served on Cross Creek was personally served on February 19, 2004; Cross Creek filed its response on March 15, 2004.

¶4.    Cross Creek then filed a motion to dismiss, alleging that good cause did not exist for Scafidi's failure to serve process within the original 120 days for service. This motion was denied, and we granted Cross Creek permission to bring this interlocutory appeal pursuant to M.R.A.P. 5.

**DISCUSSION**

**I.    RULE 4(h) OF THE MISSISSIPPI RULES OF CIVIL PROCEDURE.**

¶5.    Cross Creek's argument is based on an erroneous reading of M.R.C.P. 4(h), which requires a showing of good cause for failure to serve process within 120 days after the filing of the complaint. Rule 4(h) provides in pertinent part:

> **(h) Summons: Time Limit for Service.** If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed . . . .

Cross Creek argues, however, that Scafidi's motion for additional time in which to serve process should have been denied because she failed to show good cause for failing to serve process within 120 days. Rule 4(h) clearly does not apply to a motion for additional time filed within the initial 120 days. In fact, under Rule 4(h), a showing of good cause is not required *unless and until* the complaint is subject to dismissal for failure to serve process within 120 days, and a complaint cannot be subject to dismissal for failure to serve process within 120 days until the 120-day period has elapsed. There is no requirement in the Rules that, during the initial 120-day period, a plaintiff must show good cause in order to obtain additional time in which to serve process.

¶6. Cross Creek cites *Bang v. Pittman*, 749 So. 2d 47, 52 (Miss. 1999), in support of its argument that the complaint should have been dismissed, and, indeed, *Bang* holds that a plaintiff must show good cause for additional time in which to serve when the motion for additional time is filed within the initial 120-day period. We overrule *Bang* to the extent that it states that good cause is required for such a motion because it cannot be reconciled with the Mississippi Rules of Civil Procedure.[1]

## II. RULE 6(b) OF THE MISSISSIPPI RULES OF CIVIL PROCEDURE.

---

[1]Cross Creek also cites *Montgomery v. Smithkline Beecham Corp.*, 2005 WL 427920 (Miss. 2005); *Perry v. Andy*, 858 So. 2d 143 (Miss. 2003); *Webster v. Webster*, 834 So. 2d 26, 27 (Miss. 2002); *In re Holtzman*, 823 So. 2d 1180, 1184 (Miss. 2002); and *LeBlanc v. Allstate Ins. Co.*, 809 So. 2d 674, 678 (Miss. 2002), in support of its argument. However, each of these cases involves circumstances where a motion for additional time to serve process was filed *after* the initial 120 days.

¶7.     Rule 6(b) of the Mississippi Rules of Civil Procedure does apply to the case at hand.

Rule 6(b) provides in pertinent part as follows:

> **Enlargement.**     When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court *for cause shown* may at any time *in its discretion* (1) with or without motion for notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed . . . .

(Emphasis added.)   "[A]n application under Rule 6(b)(1) normally will be granted in the absence of bad faith or prejudice to the adverse party."   4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1165, at 522 (3d ed. 2002).   Here, Scafidi did not act in bad faith in failing to issue and serve summons.   Her excuse for this failure was that she was proceeding pro se.   Ignorance of the court rules does not constitute bad faith.   Further, Cross Creek has shown absolutely no prejudice as a result of the delay in being notified about the lawsuit.   There is no evidence of witnesses who cannot be found or documents which have been lost or memories that have faded.   Therefore, we find that the circuit court did not abuse its discretion in granting additional time in which to serve summons and did not err in denying Cross Creek's motion to dismiss.   However, this finding is specifically limited to those situations where the motion for additional time is filed *before* the deadline.

## CONCLUSION

¶8.    For these reasons, we affirm the circuit court's grant of Scafidi's motion for additional time in which to serve process and denial of Cross Creek's motion to dismiss, and we remand this case for further proceedings consistent with this opinion.

¶9.    **AFFIRMED AND REMANDED.**

**SMITH, C.J., COBB, P.J., EASLEY, CARLSON, GRAVES, DICKINSON AND RANDOLPH, JJ., CONCUR.  DIAZ, J., NOT PARTICIPATING.**