# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CA-01183-COA

**EVELYN PENNINGTON**                                                                **APPELLANT**

**v.**

**WILLIAM DAVID CRAWFORD, RICKY WARE,**                          **APPELLEES**
**AND STATE FARM AUTO INSURANCE CO.**

| | |
|---|---|
| DATE OF JUDGMENT: | 07/18/2016 |
| TRIAL JUDGE: | HON. WILLIAM E. CHAPMAN III |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | JOHN PRESTON SCANLON |
| | JERRY L. MILLS |
| ATTORNEY FOR APPELLEES: | JOHN BRIAN HYNEMAN |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED: 11/14/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE GRIFFIS, P.J., BARNES AND FAIR, JJ.

### FAIR, J., FOR THE COURT:

¶1.     Evelyn Pennington filed a personal-injury action against William Crawford, Ricky Ware, and State Farm Auto Insurance Company (State Farm).[1]  She failed to serve process on Crawford or Ware within 120 days of filing, as required by Mississippi Rule of Civil Procedure 4(h).  The Madison County County Court granted Crawford and Ware's motion to dismiss, based on lack of good cause for the delay.  Pennington appealed to the Madison County Circuit Court, which affirmed the dismissal.  She now appeals to this Court, arguing that the trial court abused its discretion in relying on findings that were manifestly wrong or

---

[1] State Farm was dismissed from the suit without prejudice on August 27, 2014.

clearly erroneous, and the trial court erred in dismissing Pennington's suit for failure to serve Crawford and Ware within 120 days absent good cause. Finding no error, we affirm the circuit court's judgment.

**FACTS**

¶2. On February 9, 2011, Crawford rear-ended Pennington's vehicle. Crawford's vehicle belonged to his stepfather, Ware.

¶3. Pennington filed her complaint on February 6, 2014 – three days before the statute of limitations was set to run. She had summonses issued for Crawford, Ware, and State Farm 118 days later, after her negotiations with State Farm fell through. But Pennington did not serve process on Crawford or Ware within the 120 days allowed by Rule 4(h), nor did she request additional time to effect service. On June 26, 2014, Crawford and Ware moved to dismiss under Mississippi Rule of Civil Procedure 12(b)(5).

¶4. On July 17, 2014, Pennington responded to the motion and requested an extension of time to serve process. She provided an affidavit from the process server, who stated that he was given Crawford and Ware's address listed on the police report to serve process. On June 5 and June 6, he made several attempts to serve both Crawford and Ware at that address. After doing his own research, he found two other possible addresses. The process server went to what he believed to be Crawford and Ware's current address. When he arrived there, he saw a man and a woman acting "suspiciously" in the garage; the man "darted" inside. The process server talked to the woman, who said she was Crawford's sister. When he asked her

2

about Crawford, she said she did not know where Crawford was or when he would return. The process server testified that he "did not serve her, as [he] was attempting only personal service, under the understanding that [he] could achieve proper service only via serving []Crawford personally." He provided no testimony regarding any actual attempt to serve Ware.

¶5. Service was eventually perfected on Crawford on August 7, 2014, and Ware on August 9, 2014 – over two months past the 120-day deadline.

¶6. In January 2015, the court held a hearing on Crawford and Ware's motion and found that Pennington had failed to show good cause for her delay in service. Consequently, the court granted Crawford and Ware's motion to dismiss.

## STANDARD OF REVIEW

¶7. "What amounts to 'good cause' under any particular set of circumstances is necessarily fact-sensitive." *Collins v. Westbrook*, 184 So. 3d 922, 930 (¶20) (Miss. 2016) (quoting *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996)). "A trial court's finding of fact on the existence of good cause for the delay in service of process has been deemed 'a discretionary ruling and [is] entitled to deferential review' on appeal." *Holmes v. Coast Transit Auth.*, 815 So. 2d 1183, 1185 (¶6) (Miss. 2002) (quoting *Rains v. Gardner*, 731 So. 2d 1192, 1197 (¶18) (Miss. 1999)).

## DISCUSSION

¶8. Mississippi Rule of Civil Procedure 4(h) states:

Summons: Time Limit for Service. If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

The rule requires dismissal of Pennington's complaint unless she shows good cause why service was not made within 120 days. *Copiah Cty. Sch. Dist. v. Buckner*, 61 So. 3d 162, 166 (¶13) (Miss. 2011) (citation omitted). Pennington bears the burden of establishing good cause. M.R.C.P. 4(h).

### 1. Trial Court's Findings

¶9. Pennington argues that the trial judge's factual and legal mistakes led to an erroneous grant of Crawford and Ware's motion to dismiss. Specifically, she claims that the judge erroneously assumed Pennington had an attorney before her current one and gave undue weight to the fact that Pennington waited until day 118 to issue summonses.

¶10. During the hearing, the judge and Pennington's attorney had the following exchange:

THE COURT: Tell me this. Why did it take so long to, first of all, file this lawsuit? Three years?

MR. SCANLON: Well, again –

THE COURT: I realize you've got three years, but why did it take so long?

MR. SCANLON: Well, for one thing, my law firm –

THE COURT: I know you weren't. What's the explanation for that, though? Do you know?

MR. SCANLON: Why we weren't hired before then?

4

THE COURT: No. Why it took the other lawyer, or whoever it was, so long?

MR. SCANLON: She didn't – my client Evelyn Pennington didn't have a lawyer at all, and so she – for two plus years, actually closer to three. So she hired me or our firm, and then so that was the first part; and then the second part was we were trying not to file in hopes to get it resolved without the need to file.

THE COURT: And then when the summonses were issued 118 days in – well, I guess my next question was, after it was filed, why did it take 118 days for the summonses to be issued?

MR. SCANLON: Well, again, Judge – and I can assure you if I could go back and do it differently, I would.

The judge ultimately granted Crawford and Ware's motion to dismiss because Pennington "had ample opportunity to file this, to have the summons[es] issued, and have them served," and she provided no good cause for failing to do so. After review of the record, we find no abuse of discretion in the trial court's factual findings.

¶11.    Pennington also claims that the judge overlooked settlement negotiations with State Farm as good cause for delay. At the hearing, Pennington's attorney admitted that the delay in service was "intentional." He said that, based on his good faith negotiations with State Farm, he thought the issue would be resolved, making process unnecessary. Our supreme court has held that "good faith negotiations do not constitute good cause for failure to effect timely service of process under M.R.C.P. 4(h)." *Holmes*, 815 So. 2d at 1187 (¶14). Accordingly, the trial judge here did not err in rejecting this argument.

### 2.    Mistake of Process Server

¶12.    Pennington next claims that service was not perfected on Crawford or Ware because

the process server mistakenly thought personal service was the only option. "[P]lacing blame upon a process server, without more, is insufficient to demonstrate good cause." *Buckner*, 61 So. 3d at 167 (¶16). Rather, "[t]he plaintiff must make a showing of diligence in seeking to effect service." *Id*.

¶13. Pennington attempts to compare this case to *Collins v. Westbrook*. In *Collins*, the plaintiff filed a wrongful-death claim against Dr. Toikus Westbrook. *Collins*, 184 So. 3d at 924 (¶3). Three days before the expiration of the 120-day period, the process server mistakenly served Westbrook's father, Dr. Jesse Westbrook. *Id*. at 925 (¶7). The process server testified that, when he asked Dr. Jesse Westbrook whether he was Toikus Westbrook, he said "yes." *Id*. The trial court dismissed the case without prejudice, finding the plaintiff had failed to show good cause for delay in service. *Id*. at 928-29 (¶15). The supreme court reversed, holding that the plaintiff had shown good cause because "[t]he record show[ed] overwhelmingly that [the plaintiff's] failure to make timely service of process on Dr. Toikus Westbrook was caused entirely by 'the conduct of a third person,' namely, Dr. Jesse Westbrook." *Id*. at 930 (¶22) (citing *Holmes*, 815 So. 2d at 1186 (¶14)).

¶14. *Collins* is readily distinguishable from the present case. Here, the process server did not serve *anyone* within the 120 days, much less the wrong person. He merely stated he thought only personal service was allowed, so he did not attempt to serve Crawford's sister. Further, the record is silent as to whether Crawford's sister was over the age of sixteen and willing to receive process, as required by Rule 4(d), or whether Crawford actually lived there.

6

Not only did Pennington not show good cause for delay in serving Crawford, she also failed to provide *any* excuse for not serving Ware within the allowed 120 days.

¶15.    Because we find that the record contains substantial evidence to support the trial court's grant of Crawford and Ware's motion to dismiss, we affirm.

¶16.    **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR. TINDELL, J., NOT PARTICIPATING.**