# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CA-01480-COA

**CYNTHIA HOLLAND**                                             **APPELLANT**

**v.**

**MISSISSIPPI DEPARTMENT OF**                   **APPELLEES**
**REHABILITATION SERVICES, ABILITY**
**WORKS INC. AND DEBBIE BLACKSTON**

| | |
|---|---|
| DATE OF JUDGMENT: | 10/06/2017 |
| TRIAL JUDGE: | HON. ROBERT B. HELFRICH |
| COURT FROM WHICH APPEALED: | FORREST COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | PAUL MANION ANDERSON |
| | CORY NATHAN FERRAEZ |
| | SAMUEL STEVEN McHARD |
| | MARCUS ALAN McLELLAND |
| ATTORNEYS FOR APPELLEES: | BRADLEY ADAM HAYS |
| | MICHAEL D. GOGGANS |
| | CHRISTOPHER OWEN MASSENBURG |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | REVERSED AND REMANDED - 07/23/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**TINDELL, J., FOR THE COURT:**

¶1. On September 3, 2015, Cynthia Holland was involved in a motor vehicle accident with an employee of the Mississippi Department of Rehabilitation Services ("MDRS"). Pursuant to the Mississippi Tort Claims Act ("MTCA"), on August 15, 2016, Holland served MDRS with a notice of complaint and thereafter waited ninety-five days before filing her complaint. Holland filed suit in the Forrest County Circuit Court on December 2, 2016, against multiple defendants, including MDRS. Holland then hired a process server, who

failed to "properly serve" the Attorney General's Office within 120 days pursuant to Mississippi Rule of Civil Procedure 4(d)(5). After learning about the process server's error, Holland served MDRS sixteen days after the 120-day deadline required by Rule 4(h) and immediately filed a motion for determination that service was proper upon MDRS or alternatively for an extension of time to serve process.

¶2. MDRS filed a motion to dismiss for failure to properly serve within 120 days of filing the complaint. In its order and final judgment, the circuit court denied Holland's motion and granted MDRS's motion, finding that Holland failed to establish good cause and failed to properly serve MDRS within 120 days. The circuit court also dismissed Holland's suit without prejudice, which Holland now appeals. Finding that Holland properly demonstrated good cause for her failure to serve MDRS, we reverse the circuit court's judgment.

**FACTS AND PROCEDURAL HISTORY**

¶3. Holland was involved in a motor vehicle accident on September 3, 2015, when her vehicle collided with a vehicle owned by Ability Works Inc. and driven by an MDRS employee. Holland served MDRS with her notice of complaint on August 15, 2016, and then, pursuant to the MTCA, waited the requisite ninety days to file her complaint. Holland filed suit in the Forrest County Circuit Court on December 2, 2016, for damages relating to the accident.

¶4. On March 10, 2017, Holland delivered a copy of the complaint and summons to the MDRS office in Hattiesburg. Holland then hired Davy Keith, an experienced process server, to serve all the named defendants with copies of the complaint, summons and written

2

discovery, including MDRS, through the Attorney General's Office. On March 27, 2017, Holland's attorney emailed Davy Keith, inquiring about the service of process. Keith responded the same day, stating, "[A]ll served and aff's [affidavits] will be scanned and mailed to you." Thereafter, MDRS filed its answer and responses to written discovery on April 7, 2017.

¶5. On April 15, 2017, Holland's attorney received the affidavits showing proof of service from Keith, except for an affidavit for the Attorney General's Office on behalf of MDRS. Holland's attorney contacted Keith to ask about the missing affidavit, but received no response from Keith until April 17, 2017. Keith responded, notifying Holland that due to a computer assignment error the complaint and summons intended for the Attorney General's Office had been mistakenly served upon another defendant. Holland's counsel then notified Keith to immediately serve the Attorney General's Office, and Keith did so accordingly. Service of process, however, at this point, was sixteen days past the expiration of the 120-day deadline imposed by Mississippi Rule of Civil Procedure 4(h).

¶6. The following day, on April 18, 2017, Holland's counsel filed a "Motion for Court Determination of Proper Service on Defendant Mississippi Department of Rehabilitation Services or in the Alternative Motion for Additional Time to Perfect Service." MDRS filed its motion to dismiss for failure to serve process on May 10, 2017, and Holland filed her response to this motion on May 15, 2017. After conducting a hearing on the matters, the circuit court denied Holland's motion on June 7, 2017, finding that she had failed to serve the Attorney General's Office within the requisite 120-day time period and that she had failed

to provide the court with a proper showing of good cause. The circuit court entered its final judgment on October 6, 2017, dismissing Holland's claim without prejudice, and Holland now appeals.

## STANDARD OF REVIEW

¶7. We review the grant or denial of a motion to dismiss de novo. *Blakeney v. Warren County*, 973 So. 2d 1037, 1039 (¶11) (Miss. Ct. App. 2008). But when the circuit court applies fact-based findings in its determination of good cause or excusable neglect, the Court defers to the discretionary ruling of the circuit court and questions "whether there was substantial evidence supporting the determination." *Rains v. Gardner*, 731 So. 2d 1192, 1197 (¶18) (Miss. 1999). We will reverse a circuit court's determination of good cause of excusable neglect upon a finding that the circuit court abused its discretion. *Long v. Memorial Hosp. at Gulfport*, 969 So. 2d 35, 38 (¶5) (Miss. 2007).

## ANALYSIS

¶8. The Mississippi Rules of Civil Procedure mandates that a plaintiff serve process upon the defendants in a lawsuit within 120 days of filing the complaint. M.R.C.P. 4(h). "A plaintiff who does not serve the defendant within the 120 day period must either re-file the complaint before the statute of limitations ends or show good cause for failing to serve process on the defendant within that 120-day period." *Watters v. Stirpling*, 675 So. 2d 1242, 1244 (Miss. 1996). Plaintiffs bear the burden of establishing good cause. *Holmes v. Coast Transit Authority*, 815 So. 2d 1183, 1185 (¶7) (Miss. 2002). The burden requires a showing of "at least as much as would be required to show excusable neglect, as to which simple

4

inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Watters*, 675 So. 2d at 1243. Good cause requires the plaintiff to show that he or she made a diligent effort to timely serve the defendant. *Fulgham v. Jackson*, 234 So. 3d 279, 284 (¶18) (Miss. 2017). If the plaintiff establishes good cause based upon this standard, dismissal is not appropriate. *Collins v. Westbrook*, 184 So. 3d 922, 929 (¶19) (Miss. 2016).

¶9. Holland argues that the circuit court abused its discretion by finding that Holland had failed to sufficiently establish good cause for her untimely service of MDRS. Holland's untimely service was the result of a computer error which directed Keith to serve the wrong defendant. MDRS argues that Holland may not simply rely upon the errors of her process server to establish good cause. But Mississippi courts have never articulated a ban upon using a process server's error as a basis to show good cause. To the contrary, the Mississippi Supreme Court has found good cause as a result of a process server's error. *Foss v. Williams*, 993 So. 2d 378 (Miss. 2008). Specifically, good cause can be found

> when the plaintiff's failure to complete service in timely fashion is a result of the conduct of a third person, **typically the process server**, the defendant has evaded service of process or engaged in misleading conduct, **the plaintiff has acted diligently in trying to effect service**, or there are understandable mitigating circumstances, or the plaintiff is proceeding pro se or in forma pauperis.

*Holmes*, 815 So. 2d at 1186 (¶12) (emphasis added) (quoting 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1137, at 342 (3d ed. 2000)). We have held previously that blaming the process server *alone* is insufficient to establish good cause. *Pennington v. Crawford*, 247 So. 3d 284, 287 (¶12) (Miss. 2017) (holding that good cause did not exist where a plaintiff blamed her process server but made no further attempts to

5

serve any defendants in her case and did not seek an extension from the court). Once a process server's error occurs, however, if the plaintiff can demonstrate diligence in effective service upon the correct defendant, we will find good cause. *See Spurgeon v. Egger*, 989 So. 2d 901, 908 (Miss. Ct. App. 2007) (finding that, even though the plaintiff's process server served the wrong individual before the 120-day deadline, this demonstrated a diligent effort to properly serve the correct defendant).

¶10.    As a department of the State of Mississippi, service upon MDRS is properly made by delivering a copy of the complaint and summons to the Mississippi Attorney General's Office. M.R.C.P. 4(d)(5). Although Keith mistakenly served Ability Works Inc. rather than the Attorney General near the 120-day deadline, this establishes, at minimum, an attempt to diligently effect service within that deadline. Also, based upon Keith's assurances, Holland was not unreasonable to presume that all defendants had been properly served. Holland did not know that a problem existed until her counsel received the affidavits and became aware of Keith's mistake. Once aware of the error, Holland's counsel immediately sought to have the proper defendant served and filed a motion with the circuit court. Such conduct establishes a showing of diligence to correct the process server's error.

¶11.    In *Foss*, the plaintiff successfully served process upon all but one of the defendants. *Id*. at 379 (¶2). Plaintiff's counsel delegated service of process to another local attorney but realized just before the 120-day deadline that the local attorney had failed to serve the remaining defendant. *Id*. at (¶5). Plaintiff's counsel immediately took action to correct the failure and served the last defendant just after the 120-day limit. *Id*. at (¶7). The Mississippi

Supreme Court held that the immediate actions of the plaintiff's counsel demonstrated diligence and a proper showing of good cause. *Id*. at (¶9).

¶12.    While the error in *Foss* was a miscommunication between two attorneys regarding service of process, here, an unforeseeable computer error resulted in Keith misinforming Holland that all the defendants had been properly served. Similar to *Foss*, Holland's counsel took immediate action to cure Keith's failure to serve the Attorney General. Holland's counsel directed Keith to serve the Attorney General the same day the error was discovered, and Keith did so accordingly. Rule 4(h) "should not be used 'to penalize plaintiffs who demonstrate reasonable diligence' in effecting timely service on defendants." *Holmes*, at 1186 (¶13) (quoting *Healthcare Compare Corp. v. Super Solutions Corp*., 151 F.R.D. 114 (D. Minn.1993)). Likewise, Holland timely served the remaining defendants in her case within 120 days and should not be penalized for a computer error when her counsel immediately served the Attorney General after the error was discovered.

¶13.    We are also mindful that when Holland served MDRS, through the Attorney General's Office, and filed her motion for extension, she did so months before her statute of limitations had expired. The Mississippi Supreme Court in *Copiah County School District v. Buckner*, 61 So. 3d 162, 168-71 (¶¶ 24-28) (Miss. 2011), provided a detailed explanation of how to calculate a state agency's limitations period, giving the plaintiff the benefit of all applicable tolling periods. Using this analysis, Holland's statute of limitations, including all applicable tolling periods allotted by both the MTCA and Rule 4(h), expired on July 5, 2017.[1] Once the

---

[1] Because Holland's accident occurred on September 3, 2015, her one-year statute of limitations expired on September 3, 2016. Miss. Code Ann. § 11-46-11(3) (Rev. 2002).

7

service of process error was discovered, Holland took immediate steps to ensure that MDRS was served, albeit untimely, and then filed a motion for extension with the circuit court. At the point in time when her motion for extension was filed with the circuit court, Holland still had 78 days left in her statute of limitations. Keeping in mind that under such circumstances Holland could have just as easily re-filed her complaint, rather than seek a motion for extension of time, it bears to reason that Holland should not be punished for failing to choose the "preferred method" in an effort to strive for her day in court.

¶14.    In its order denying Holland's motion, the circuit court cited *Buckner* to support its determination that Holland failed to show good cause. But the *Buckner* case is distinguishable from the case at hand. In *Buckner*, the plaintiff filed his complaint and failed to serve process upon any of the defendants within 120 days. *Buckner*, 61 So. 3d at 164 (¶3). Over a year passed before the plaintiff's counsel discovered the error just prior to a court-ordered status hearing. *Id*. at (¶4). At the status hearing, Plaintiff's counsel blamed the error

_____

However, since a notice of claim was sent to and received by MDRS, the statute of limitations was tolled for 95 days. Miss. Code Ann. §11-46-11(3)(a) (Rev. 2002). After the initial 95 day tolling period, in which a would-be plaintiff cannot file suit unless it receives a notice of denial, the statute of limitations was tolled an additional 90 days. Miss. Code Ann. §11-46-11(3)(b) (Rev. 2002). This combined 185-day tolling period gave Holland until March 7, 2017 to file her claim against MDRS.

Holland filed her complaint on December 2, 2016, giving her the benefit of 76 days remaining in her MTCA tolling periods plus her remaining 19 days in her one-year statute of limitations. Once her complaint was filed, Holland's Rule 4(h) 120-day tolling period began, giving her until April 1, 2017, to properly serve MDRS before her remaining balance of her statute of limitations (19 days remaining) and applicable MTCA tolling period (76 days remaining) begins to run again. After the 120-day tolling period ended, Holland's statute of limitations still did not expire until July 5, 2017 (76 days + 19 days = 95 days. 95 days from April 1, 2017 is July 5, 2017).

on the process server and moved for an extension of time to properly serve the defendants. *Id*. at (¶5).  The circuit court granted the plaintiff's ore tenus motion and allowed an extra 120 days to serve the defendants.  *Id*.  Thereafter, the plaintiff still failed to properly serve the defendants until one and two days after the extended 120-day deadline.  *Id*. at 165 (¶7). The defendants filed a motion to set aside the extension of time as well as a summary-judgment motion, arguing that the plaintiff had not proven good cause to warrant the extension and that he had failed to properly serve the defendants before the statute of limitations expired.  *Id*. at (¶8). After conducting a hearing, the circuit court denied the defendants' motions.  *Id*. at (¶11).  The Mississippi Supreme Court granted the defendants' petition for an interlocutory appeal and found that the circuit court abused its discretion by granting the plaintiff an extension for good cause.  *Id*. at 171 (¶32).  The *Buckner* court held that "placing the blame upon a process server, *without more*, is insufficient to demonstrate good cause." *Id*. at 167 (¶16).  After the defendants failed to file an answer, the plaintiff let more than a year pass without any activity or follow-up on the case.  *Id*. at 164 (¶4). The *Buckner* court found that this conduct constituted a lack of diligence which did not warrant the circuit court's extension of time.  *Id*.

¶15.    The dissent also relies upon *Buckner* for its general assertion that good cause cannot be found based upon a process server's assurances.  But "[w]hat amounts to 'good cause' under any particular set of circumstances is necessarily fact-sensitive."  *Collins*, 184 So. 3d at 930 (¶20) (quoting *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 445 (5th Cir. 1996)).  With that said, we cannot ignore the more accentuating facts and circumstances that existed in

*Buckner*. Again, Buckner waited *one year* after filing his complaint and well after his statute of limitations had run before checking to seek if the defendants had been served. *Buckner*, at 164 (¶4). Further, Buckner relied upon the process server's assurances that service was perfected and then also took no further action until a court-mandated status hearing was issued. *Id*. at (¶¶4-5). Also, none of the defendants in *Buckner* filed an answer to his complaint, a fact that still did not seem to concern Buckner's counsel in that one-year period. *Id*. at (¶5). Finally, the circuit court gave Buckner another 120 days to serve his defendants, and Buckner still failed to serve process within that extension. *Id*. at (¶7). The accentuating facts and circumstances in *Buckner* simply are not present here.

¶16.    The dissent further cites to *In re Holtzman*, 823 So. 2d 1180 (Miss. 2002), in its argument against good cause in this case. But much like *Buckner*, the facts and circumstances of *Holtzman* only highlight the prompt and diligent nature by which Holland handled the process server's error. In that case, Holtzman's counsel misfiled the complaint and summons and never served the defendant. *Id*. at 1183 (¶12). Holtzman's counsel waited nine months after filing the complaint and five months after the statute of limitations expired to file an extension for time to serve process. *Id*. at 1181 (¶2). At the hearing on the motion, Holtzman's attorney admitted that the error was discovered through a statute-of-limitations review of the case file, which was only performed by counsel's staff every six months. *Id*. at 1181-82 (¶3). His counsel also stated that the situation was an example of a complaint and summons that "just unfortunately fell through the cracks." *Id*. The Court noted that Holtzman's counsel should have been anticipating the defendant's answer if he believed

service was perfected. *Id*. When that answer was not forthcoming, "ordinary attention to his caseload" would likely have led counsel to discover the error. *Id*. at 1183 (¶9). Holtzman admitted that the defendants were not served due to his counsel's mistake, and the Court ultimately held that this mistake, followed by a lack of diligence, was insufficient to establish good cause for an extension to serve process. *Id*. at (¶¶11-12).

¶17. To the contrary, all of Holland's defendants, except for MDRS, were properly served before the 120-day deadline. Keith assured Holland's counsel that process had been served upon all of the defendants, and MDRS filed its answer within thirty days of receiving the complaint. Unlike in *Buckner* and *Holtzman*, because MDRS filed its answer, there was no obvious reason for Holland be concerned that MDRS had not been properly served. We agree that counsel in both *Buckner* and *Holtzman* should have performed a more attentive review of the case file during the one year after the complaint was filed. But there is no evidence in the record to suggest that Holland's counsel failed to perform an attentive review of his files. In fact, it was *because* of his attentive case-file review that the error was discovered and cured. The dissent even acknowledges that "[o]nce the error was discovered, the process server promptly obtained served on that entity." All of this occurred within days after the 120-day deadline had passed and months before the statute of limitations expired; whereas Buckner's counsel took no action within a year to assure that the defendants had been served. If good cause does not exist for Holland, we risk finding good cause only where a set of extraordinary circumstances exist.

¶18. The circuit court also cited to the case of *Ogunbor v. May*, 204 So. 3d 840 (Miss.

11

2016), in support of its ruling. In *Ogunbor*, the plaintiff filed her complaint on April 6, 2011, making her 120-day deadline to serve process August 4, 2011. *Ogunbor*, 204 So. 3d at 846 (¶25). On April 25, 2011, the plaintiff used a local sheriff to serve process upon the defendants in her case. *Id*. at 845 (¶13). But instead of personally serving the correct defendant, named May, pursuant to Rule 4, the sheriff served a co-worker and co-defendant with the complaint and summons. *Id*. The sheriff delivered a return of service to the plaintiff, clearly stating that he had served May's co-worker and co-defendant on her behalf. *Id*. at 847 (¶29). The plaintiff took no further action until August 8, 2011, when she requested a default judgment against May. *Id*. at 845 (¶16). The court denied her request finding that May had not been properly served. *Id*. On August 19, 2011, the sheriff served May with process. *Id*. The circuit court, however, ultimately dismissed May from the case, finding that the plaintiff had failed to show good cause for her untimely service of process. *Id*. at (¶21). On appeal, the plaintiff argued that good cause was shown based upon ambiguity in the sheriff's return of service and because May avoided service of process. *Id*. at 846 (¶23). This Court held that the plaintiff could not simply blame the process server without showing some diligent effort to have May served. *Id.* at 847 (¶29). The sheriff's return of service clearly and unambiguously informed the plaintiff well before the 120-day deadline was near that the sheriff had served May's co-worker on her behalf. *Id*. Also, there was no evidence to suggest that May attempted to avoid being served. *Id*. at (¶30). This Court found that the plaintiff failed to act diligently in her efforts to serve May, and the circuit court correctly dismissed her case. *Id*. at (¶39).

¶19.   Upon examining the facts of this case, we also find that Holland's actions here do not align with those in *Ogunbor*. As in *Buckner* and *Holtzman*, the plaintiff in *Ogunbor* certainly failed to act diligently in her efforts to effect service of process. The plaintiff was notified well before her 120-day deadline had expired that the sheriff served the wrong individual. Instead of acting diligently and in compliance with the rules, the plaintiff took no action until the circuit court denied her request for default judgment. She then served the correct defendant outside the 120-day deadline.

¶20.   Holland's actions throughout her case differ in many ways. First, Holland filed her Notice of Claim and Complaint in a timely fashion. Second, Holland hired Keith to serve process and timely delivered copies of the complaint and summons to him. Third, Holland's counsel diligently communicated with Keith regarding the status of service. Fourth, Keith assured Holland's counsel that all the proper defendants had been served and that affidavits would be sent soon. Fifth, upon receiving the affidavits, Holland's counsel noticed the missing affidavit from the Attorney General's Office and immediately communicated with Keith about this issue. Sixth, when Keith discovered the computer error, he notified Holland's counsel for the first time that the wrong defendant had been served. Seventh, Holland's counsel immediately took action to correct the error by serving the Attorney General that same day. Lastly, Holland's counsel filed for relief from the circuit court the following day.

¶21.   "The trial court enjoys wide discretion to enlarge the time for service of process, both before and after the actual termination of the allotted time." *Holtzman*, 823 So. 2d at 1182

(¶6) (citing to M.R.C.P. 6(b) & cmt.; *see also Woods v. Allied Concord Fin. Corp.*, 373 F.2d 733, 734 (5th Cir. 1967)); *Crumpton v. Hegwood*, 740 So. 2d 292, 293 (¶5) (Miss. 1999). Under circumstances where good cause clearly exists, this Court should not hesitate to find that it was an abuse of discretion not to grant such an extension. The facts of this case present a unique set of circumstances for this Court because the majority of Mississippi caselaw where the Court finds a lack of good cause involves plaintiffs who fail to serve process *after* their limitations period has expired. Holland served MDRS months before her limitations period expired.

¶22. Our rules of civil procedure, including the rule about good cause, seek to ensure timely and diligent litigation, both before and after service of process, and we should not punish litigants who take steps to do just that. Holland was both timely and assiduous when filing her notice of claim and her complaint. Likewise, Holland did not sit idly by after discovering the process server's error but rather sought to correct the error well within her applicable statute of limitations time frame. We therefore find that Holland demonstrated a sufficient showing of good cause, and we also find that the circuit court abused its discretion by failing to allow Holland an extension of time for service of process.

## CONCLUSION

¶23. Holland's actions before and after service of process evidenced a desire for timely and efficient litigation. Due to an unforeseen computer error, Keith mistakenly served the wrong defendant with process instead of MDRS. Upon becoming aware of this mistake, Holland, through her counsel, diligently acted to serve process upon MDRS. Although service of

14

process occurred sixteen days beyond the 120-day deadline imposed by Rule 4(h), we find that Keith's error coupled with Holland's immediate action and diligence to perfect process meets the good-cause standard to warrant an extension of time to serve. For the foregoing reasons, we hereby find that the circuit court erred by dismissing Holland's claims. We therefore reverse the circuit court's judgment and remand the case for further proceedings consistent with this opinion.

¶24.    **REVERSED AND REMANDED.**

        **GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR. CARLTON, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY BARNES, C.J., AND J. WILSON, P.J.**

        **CARLTON, P.J., DISSENTING:**

¶25.    With respect to a circuit court's "good cause" determination under Rule 4(h), the Mississippi Supreme Court has consistently recognized that "[a] trial court's finding of fact on the existence of good cause for the delay in service of process has been deemed a *discretionary ruling . . . and entitled to deferential review*." *Fulgham v. Jackson*, 234 So. 3d 279, 282 (¶9) (Miss. 2017) (emphasis added) (internal quotation mark omitted); *Jenkins v. Oswald*, 3 So. 3d 746, 750 (¶13) (Miss. 2009). "With regard to these fact-findings, our review is limited to determining only whether the trial court abused its discretion and whether there was substantial evidence supporting the determination." *Fulgham*, 234 So. 3d at 282 (¶9) (internal quotation mark omitted); *see Heard v. Remy*, 937 So. 2d 939, 944 (¶21) (Miss. 2006). Applying our deferential standard of review, I dissent because I cannot find that the circuit court abused its discretion in finding that Holland failed to establish good cause and

therefore denying Holland's motion seeking additional time to serve the Attorney General in this case. I would affirm the circuit court's judgment.

¶26. The plaintiff bears the burden to demonstrate good cause for failure to serve process within the 120-day service period provided by Rule 4(h). *Montgomery v. SmithKline Beecham Corp.*, 910 So. 2d 541, 545 (¶12) (Miss. 2005); M.R.C.P. 4(h). In order to meet this burden, Holland was required to present substantial evidence "that a diligent effort was made to effect timely service." *Buckner*, 61 So. 3d at 166 (¶14). The determination of good cause focuses solely on the actions taken by counsel within the 120-day period. *See Montgomery*, 910 So. 2d at 545 (¶12); *Whitten v. Whitten*, 956 So. 2d 1093, 1097 (¶16) (Miss. Ct. App. 2007); M.R.C.P. 4(h).

¶27. Holland filed her complaint on December 2, 2016. Under Rule 4(h), Holland had 120 days after the filing of her complaint within which to serve the named defendants. Holland, therefore, was required to serve all defendants on or before April 1, 2017, to be within Rule 4(h)'s 120-day deadline. Rule 4(d)(5) requires that service of process be made on the Attorney General when suit is filed against the State of Mississippi or any one of its departments, officers, or institutions. Defendant MDRS is a department of the State of Mississippi and, therefore, Holland was required to serve process on the Attorney General within Rule 4(h)'s 120-day time period.

¶28. The record reflects that Holland served the MDRS Hattiesburg office on March 10, 2017. On March 13—nearly three-and-one-half months after Holland's complaint was filed,[2]

---

[2] At the hearing on Holland's motion before the circuit court, Holland's counsel explained that he did not attempt to serve process any sooner due to the potential for

16

Holland's counsel (through his legal assistant) contacted a process server, David Keith, to serve the remaining defendants, including the Attorney General. The process server confirmed receipt of copies of the summonses and complaints on the same day.

¶29. On March 27, five days before the 120-day Rule 4(h) deadline for service would expire, the record reflects that Holland's counsel emailed Keith to determine whether service had been accomplished. Holland's counsel received this emailed response from Keith: "[A]ll served and [affidavits] will be scanned and mailed to you." Keith's email did not have the affidavits showing proof of service attached, or any other proof of service; nor was there any indication in the email when that information would be "scanned and mailed" to Holland's counsel. There is also no evidence in the record that Holland's counsel requested that the affidavits showing proof of service be scanned to him before the Rule 4(h) 120-day deadline elapsed in order to confirm service of process.

¶30. According to the appellant's brief at page 10, it was not until "[o]n or around April 15, 201[7], [Holland's] counsel checked the file to confirm receipt of all affidavits of service. Noticing that they were missing the affidavit for the Attorney General's office, [Holland's] counsel contacted [the process server]."[3] The record reflects that on April 17 Keith emailed

_____

settlement. Both the supreme court and this Court, however, have held that "good faith negotiations do not constitute good cause for failure to effect timely service of process under M.R.C.P. 4(h)." *Holmes*, 815 So. 2d at 1186-87 (¶14); *Pennington*, 247 So. 3d at 287 (¶11).

[3] The record contains several slightly different versions of what happened at this point. Holland explained the situation in her motion for additional time filed in the circuit court as follows:

Sometime at the beginning of April, after the 120[-day] deadline had run and while [Holland's] counsel was on personal leave, [Holland's] counsel

17

Holland's counsel and explained that his office had mistakenly served the wrong entity and that he would serve the proper defendant that day. Keith's affidavit reflects that Keith did serve the Attorney General's office on that same day.

¶31. The circuit court found that Holland failed to demonstrate good cause under these circumstances. As noted above, the circuit court's ruling on the "good cause" issue is a "discretionary ruling . . . and entitled to deferential review." *Fulgham*, 234 So. 3d at 282 (¶9) (internal quotation mark omitted). Based upon this deferential standard, the record before us, and applicable case law, I cannot say that the circuit court abused its discretion in ruling that Holland failed to meet her burden of establishing good cause for her failure to timely serve the Attorney General.

¶32. As a general proposition, I agree with the majority that good cause can be found "when the plaintiff's failure to complete service in timely fashion is a result of the conduct of a third person, typically the process server . . . ." *Holmes*, 815 So. 2d at 1186 (¶12) (quoting 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1137, at 342 (3d ed. 2000)). In this case, however, I find that a second and equally valid principle applies: "[P]lacing blame upon a process server, without more, is insufficient to

received the proofs of service from Quantum Processing/Davy Keith. Upon return from vacation, [Holland's] counsel followed up with Davy Keith regarding the service on the AG's office.

According to the process server's affidavit that is also in the record, "[b]y the time that the affidavits had been received by the Plaintiff's counsel, it was discovered that service was not proper and/or service had not been made on the Attorney General's office. Immediately following discovery of this error, my office obtained service on [the] Attorney General's office on April l7, 2017."

18

demonstrate good cause. *The plaintiff must make a showing of diligence in seeking to effect service.*" *Buckner*, 61 So. 3d at 167 (¶16) (emphasis added); *Ogunbor*, 204 So. 3d at 847 (¶29). The circuit court cited *Buckner* and *Ogunbor* in its order denying Holland's motion for additional time to serve the Attorney General, and I find that this overriding principle, followed in those cases, also applies here.

¶33. As delineated above, Holland's counsel did not engage a process server to serve the remaining defendants until just a few weeks before the Rule 4(h) 120-day deadline would end. Only five days before the deadline, on March 27, did Holland's counsel check with the process server to see if service had been accomplished. Holland's counsel then relied on the process server's email in which Keith assured him that "all [were] served"—without attaching returns of service, affidavits, or any other proof of service. There is no evidence in the record that Holland's counsel requested that the affidavits of service be sent to him before the 120-day time period elapsed so that he could confirm for himself that service had been timely effectuated. Indeed, Holland's brief reflects that her counsel did not check the case file until two weeks after the 120-day deadline, at which point he discovered the file did not contain an affidavit showing proof of service for the Attorney General's office. Once the error was discovered, the process server promptly obtained service on that entity. In short, although the process server's affidavit states that the failure to serve the Attorney General was due to a computer error in the process server's office—the record also shows that the failure to *detect this error before the 120-day deadline elapsed* is with Holland's counsel who did not obtain and review the affidavits showing proof of service before the deadline

19

elapsed.

¶34. In *Buckner*, a unanimous supreme court reversed the circuit court's discretionary ruling finding good cause for failure to serve process because the plaintiff's counsel "relied upon the process server's assertion that the defendants had been served," *Buckner*, 61 So. 3d at 168 (¶20), but did not check for a return of service himself until the defendants, in response to Buckner's application for an entry of default against them, informed Buckner's counsel that they had never been served. *Id.* As the supreme court recognized, "a more attentive review of the file would have informed counsel that, because there was no return of service for the defendants, the reason they had failed to answer was that they had not been served with process." *Id.*; *see also Ogunbor*, 204 So. 3d at 847 (¶¶27, 29) (affirming the circuit court's lack-of-good-cause determination and finding a lack of diligence on plaintiff's part where she claimed that the deputy's return of service "gave her the impression that he had successfully served [the defendant,] May" even though the return, on its face, indicated that the wrong party was served). Had Holland's counsel in this case simply reviewed the affidavits proving service before the Rule 4(h) 120-day deadline instead of relying solely on Keith's assurances, Holland's counsel would have discovered the missing affidavit showing proof of service and could have instructed Keith to properly serve the Attorney General's office that day. As in *Buckner* and *Ogunbor*, the failure to do so demonstrates a lack of the diligence on his part.

¶35. As the majority points out, the length of time it took for Buckner's counsel to check the case file and discover the error in service was much longer than in this case—but in

*Buckner* the supreme court *reversed* the circuit court's discretionary determination that Buckner had shown good cause. *Buckner*, 61 So. 3d at 171 (¶32). In this case, counsel's failure to monitor Holland's case file need only constitute sufficient evidence to *affirm* the circuit court's lack-of-good-cause determination. I find that under our deferential standard of review the failure to adequately monitor Holland's file suffices to uphold the circuit court's discretionary finding of a lack of good cause in this case.

¶36. *In re Holtzman*, 823 So. 2d 1180 (Miss. 2002), is also instructive. In *Holtzman*, the supreme court affirmed the circuit court's finding that no good cause existed based upon counsel's contention that the complaint and summons had been misfiled and not served. *Id.* at 1182 (¶¶4-5, 13). The supreme court recognized that "simple inadvertence or mistake of counsel . . . usually does not suffice" in establishing good cause, *id.* at 1183 (¶8) (quoting *Watters v. Stripling*, 675 So. 2d 1242, 1243 (Miss. 1996)), and that the misfiling excuse offered by Holtzman's counsel was nothing more than that. *Id.* at 1183 (¶9). In making this determination, the supreme court observed that "ordinary attention to his caseload would have led [counsel] to notice that he had received no answer from [the defendant] and to check his case file." *Id.* Similarly, counsel's "ordinary attention" to Holland's case file in this case would likely have led him to discover the missing affidavit showing proof of service and have timely service effectuated. Because I find no abuse of discretion in the circuit court's lack-of-good-cause determination and denial of Holland's motion for additional time, I would affirm the circuit court's judgment. I therefore respectfully dissent.

**BARNES, C.J., AND J. WILSON, P.J., JOIN THIS OPINION.**